## NANCY BURTON *v.* PLANNING COMMISSION OF THE TOWN OF REDDING ET AL.
### (5625)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 2, 1987—decision released February 9, 1988

*Nancy Burton,* pro se, the appellant (plaintiff).

*Sharon A. Cregeen,* with whom, on the brief, was *Michael N. LaVelle,* for the appellee (named defendant).

*Gregory M. Perry,* with whom, on the brief, were *Marylouise S. Black* and *Harry H. Hefferan, Jr.,* for the appellee (defendant James E. McMurray).

BORDEN, J. The dispositive issue of this appeal is whether the *timely* filing of a memorandum of law in opposition to a motion to dismiss, pursuant to Practice Book § 143,[1] is mandatory or directory. We conclude that this issue is controlled by the reasoning of

---

[1] "[Practice Book] Sec. 143.—GROUNDS

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

our Supreme Court in *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986), and we hold that the timely filing of such a memorandum of law is mandatory.

Certain facts are undisputed. The plaintiff[2] appealed to the Superior Court from a decision of the named defendant, the planning commission of the town of Redding, approving the application of the codefendant, James E. McMurray,[3] to subdivide his property. The plaintiff's appeal was returnable on July 15, 1986. The plaintiff alleged so-called "classical aggrievement."[4] The plaintiff also filed a notice of intervention pursuant to General Statutes § 22a-19.[5]

On July 21, 1986, McMurray filed, pursuant to General Statutes § 8-28 (b), and Practice Book §§ 143 and 145, a motion to dismiss the plaintiff's action, claiming that the appeal failed to set forth sufficient allegations of aggrievement, that the plaintiff, who lives several miles from the property, was not specially and injuriously affected by the commission's decision, and that, therefore, since the plaintiff had no standing to appeal, the court lacked subject matter jurisdiction over the appeal. McMurray also claimed in his motion to dis-

---

[2] The plaintiff is an attorney appearing pro se in this case.

[3] McMurray was not originally named as a defendant in the plaintiff's appeal. He intervened as a defendant pursuant to General Statutes § 8-28 (b).

[4] The plaintiff's claim of aggrievement is that her three school-age children will in the future enroll as students in the John Read Middle School, that they will then drink water in the school, that the school's drinking water is supplied by an aquifer which underlies the property in question, and that the approved subdivision will pollute the aquifer and thus the school's drinking water.

[5] General Statutes § 22a-19 provides generally that any person, inter alia, may intervene in any judicial review of any administrative, licensing or other proceeding, and in any judicial review thereof, upon the filing of a "verified pleading asserting that the . . . action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resource of the state." We have no occasion to consider whether General Statutes § 22a-19 applies to this case.

miss that the plaintiff had no standing to intervene pursuant to General Statutes § 22a-19 because there was no viable action in which to intervene. McMurray attached to his motion to dismiss an affidavit and memorandum of law. On August 13, 1986, the commission filed a memorandum of law in support of McMurray's motion to dismiss.

McMurray's motion to dismiss was originally scheduled to be heard on the short calendar on Monday, September 22, 1986. The plaintiff and counsel for the defendants agreed that the matter could go off the short calendar for that date because of a conflict between that hearing and a hearing in a related case in another courthouse. McMurray's motion to dismiss was then scheduled for short calendar on Monday, September 29, 1986. On Thursday, September 25, 1986, four days before the scheduled hearing on the motion to dismiss, the plaintiff filed a memorandum of law in opposition to the motion to dismiss, and mailed copies to the defendants' counsel.

At the hearing on September 29, 1986, the defendants claimed that McMurray's motion to dismiss must be granted because the plaintiff's memorandum of law was filed four days before the hearing, rather than five days as required by Practice Book § 143. The plaintiff objected, claiming that her filing on September 25, 1986, was within the five-day time period, that any noncompliance with the rule was merely technical and that the defendants were not prejudiced by any untimeliness. The plaintiff did not ask the court to have the motion to dismiss go over to a subsequent short calendar so that her filing on September 25, 1986, would be rendered "at least five days before the motion is to be considered on the short calendar . . . . " Practice Book § 143. The court agreed with the defendants and granted the motion to dismiss. After certification for

appeal was granted, the plaintiff appealed from the judgment dismissing the case.

The plaintiff first claims that the trial court erred because General Statutes § 8-28 (b), pursuant to which the motion to dismiss was filed, requires a hearing to be held thereon, and that the hearing cannot be waived without the plaintiff's consent. She argues that it was a violation of her due process rights to dismiss the case when she had substantially cured the defect. We are unpersuaded.

General Statutes § 8-28 (b) provides in pertinent part: "The court, upon the motion of the person who applied for the [planning] commission's action or decision, shall make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. *At the hearing on such motion to dismiss,* each appellant shall have the burden of proving his standing to bring the appeal. The court may, upon the record, grant or deny the motion." (Emphasis added.) Although this section certainly requires a hearing on the motion to dismiss, it does not, as the plaintiff's argument suggests, override procedural rules providing for such a hearing and providing for the automatic consent to the motion upon the noncompliance with those rules.

Practice Book § 143 is such a rule. It provides in pertinent part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not

apparent on the record. An adverse party who fails *timely* to file such a memorandum pursuant to the section shall be deemed by this court to have consented to the granting of the motion." (Emphasis added.)

We do not read the language, "[a]t the hearing," in General Statutes § 8-28 (b) to mean that the Practice Book rules providing for such a hearing must be ignored. Indeed, were we to do so we would be required to confront a constitutional question of the separation of powers between the legislature and the judiciary because of the possibility of a "legislative intrusion on the judicial rule-making function." *Fishman* v. *Middlesex Mutual Assurance Co.,* 4 Conn. App. 339, 355, 494 A.2d 606 (1985). It is axiomatic that, whenever possible, statutes should be read so as to avoid constitutional questions. See, e.g., *Lublin* v. *Brown,* 168 Conn. 212, 219–20, 362 A.2d 769 (1975).

Nor did the procedure here violate the plaintiff's right to due process. "Due process of law requires that a party be given his day in court and an opportunity to be heard." *Shaw* v. *Planning Commission,* 5 Conn. App. 520, 525, 500 A.2d 338 (1985). The plaintiff was given her day in court by the assignment of the motion to dismiss at short calendar, of which she was given notice. She was given an opportunity to be heard at that hearing, conditioned on her compliance with Practice Book § 143, of which she was aware. The plaintiff has offered us no authority, and we are aware of none, that due process is violated by the application of a procedural rule which deems a party to have consented to a motion because of her failure to meet the requirement of the rule regarding timely filing of an important document.

The plaintiff next claims that her substantial compliance with Practice Book § 143, by filing her memorandum of law four days before the scheduled hearing,

rather than five days as required by Practice Book § 143, was sufficient. We disagree because we are constrained to conclude that this claim is governed by the reasoning of our Supreme Court in *Hughes* v. *Bemer,* supra.

In *Hughes,* the trial court granted the defendants' motion to strike the plaintiff's complaint. Although the plaintiff had filed no memorandum of law in response to the defendants' motion to strike, the trial court considered the motion on its merits and granted it. On appeal the defendants raised, for the first time, the failure of the plaintiff in the trial court to comply with Practice Book § 155, which provides in pertinent part: "If an adverse party objects to this motion [to strike] he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

The Supreme Court, over a vigorous dissent by *Shea, J.,* declined to consider the merits of the motion to strike and agreed with the defendants. The court held: "The filing of a memorandum of law setting forth the relevant arguments is mandatory under Practice Book § 155. Cf. *Darling* v. *Waterford,* 7 Conn. App. 485, 508 A.2d 839 (1986). The memorandum *must* be filed, or the motion to strike *shall* be granted." (Emphasis in original.) *Hughes* v. *Bemer,* supra, 402–403.

Although *Hughes* concerned Practice Book § 155, we can discern no valid reason to render its holding inapplicable to the identical language of Practice Book § 143. Indeed, Justice Shea in his dissent recognized that its holding would apply to motions to dismiss pursuant to Practice Book § 143 as well.[6] Furthermore,

---

[6] "The provision of § 155 that a plaintiff who fails to file a memorandum of law in opposition to a motion to strike 'shall be deemed by the court to

in *Hughes* even though the plaintiff's failure to file a memorandum of law was not raised in or relied on by the trial court, the Supreme Court held that the motion to strike was required to be granted by § 155. In contrast, in this case the defendants raised the plaintiff's noncompliance with the rule in the trial court and the trial court based its decision thereon. Thus, in that respect this case is a stronger case than *Hughes* for the automatic consent provision.

The plaintiff argues that in *Pepe* v. *New Britain,* 203 Conn. 281, 524 A.2d 629 (1987), the Supreme Court drew back from its holding in *Hughes* and read *Hughes* as resting on the fact that no memorandum of law at all had been filed. We disagree with the plaintiff's reading of *Pepe.* In *Pepe,* the court held that certain language in Practice Book § 380 regarding material to be timely submitted in opposition to a motion for summary judgment; "[t]he adverse party *prior to the day the case is set down for short calendar* shall file opposing affidavits and other available documentary evidence"; is not mandatory or jurisdictional. (Emphasis added.) *Pepe* v. *New Britain,* supra, 286–88. In referring to *Hughes,* however, the *Pepe* court distinguished Practice Book § 380 from § 155 on the basis that § 380 "does not contain any provision corresponding to the dictate of § 155 that the consequence of noncompliance with the rule is that the delinquent party 'shall be deemed by the court to have consented to the granting of the motion.' " *Pepe* v. *New Britain,* supra, 287, quoting

have consented to the granting of the motion' parallels a similar provision of Practice Book § 143 pertaining to a motion to dismiss. Both of these provisions impose a sanction upon the party opposing the motions for failure to file a memorandum which is not available for a like neglect on the part of one who has filed a motion to strike or to dismiss without a supporting memorandum as specified by the rules. It appears that the sanction of dismissing or striking the pleading under the automatic consent provision is likely to be imposed much more frequently against plaintiffs than defendants." *Hughes* v. *Bemer,* 200 Conn. 400, 404–405, 410 A.2d 992 (1986), (*Shea, J.,* dissenting).

Practice Book § 155. The critical distinguishing factor in *Pepe,* therefore, was the absence in § 380 of the automatic consent language which is present in § 143.

It is true, as the plaintiff points out, that *Hughes* involved a total failure to file a memorandum of law, rather than as in this case, a late filing. That factual difference, however, does not suffice as a legally distinguishing factor. The language of Practice Book § 143; "[a]n adverse party who fails *timely* to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion"; (emphasis added); which the court in *Hughes* held to be mandatory, simply does not permit such a distinction. The inclusion of the word "timely" in § 143 requires the conclusion that, if the filing of a memorandum of law is mandatory; *Hughes* v. *Bemer,* supra; its timeliness is equally mandatory.

In this connection, we note that in 1983, Practice Book § 143 was amended. Prior to that time, the rule provided that, unless the court ordered otherwise, the motion to dismiss "does not require any responsive pleading but *may* be opposed by pleadings, appropriate affidavits and memoranda of law." (Emphasis added.) Practice Book, 1978, § 143. In 1983, this language was deleted, and the second paragraph of the rule was added, which included the language that "[a]n adverse party who fails timely to file such a memorandum pursuant to this section *shall* be deemed by the court to have consented to the granting of the motion." (Emphasis added.) This history lends support to the conclusion that the timeliness of the filing of the memorandum is mandatory.

It is also true that *Hughes* involved a motion to strike, whereas this case involves a motion to dismiss. The plaintiff argues that this difference distinguishes the two cases because after the granting of a motion to

strike the losing party may amend his pleading but after the granting of a motion to dismiss the plaintiff is out of court. We disagree. First, there is nothing in the emphatic language of *Hughes* to suggest such a distinction. Second, a plaintiff who pleaded all his available facts and is nonetheless deemed to have consented to his complaint being stricken for failure to state a claim upon which relief can be granted; Practice Book § 152 (1); because of his failure timely to file a memorandum of law in opposition to the motion, is just as effectively out of court as the plaintiff who is deemed to have consented to having his action dismissed because of the same failure. See, e.g., *Hughes* v. *Bemer,* supra.

The issue before us in this case is not whether we agree or disagree with *Hughes* v. *Bemer,* supra, or whether, if we were writing on a clean slate and employing the traditional mandatory-directory analysis; see, e.g., *Rowe* v. *Godou,* 12 Conn. App. 538, 543–44, 532 A.2d 978 (1987); we would conclude that the timeliness provision of Practice Book § 143 is directory rather than mandatory. As an intermediate appellate court, we must follow the precedent of our Supreme Court along the path which our considered reading of that precedent lays out for us. See, e.g., *State* v. *Thurman,* 10 Conn. App. 302, 309 n.5, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987). That path leads to the conclusion that *Hughes* v. *Bemer,* supra, governs this case, and that therefore the trial court did not err in dismissing the plaintiff's complaint.

There is no error.

In this opinion the other judges concurred.