## Dorothy Siefert *v.* Paul Barrett, Jr., Conservator (Estate of Rose Siefert) (5375)

Daly, Norcott and Foti, Js.

Argued December 9, 1987—decision released February 9, 1988

*Benjamin M. Chapnick,* for the appellant (plaintiff).
*David J. Scully,* for the appellee (defendant).

Per Curiam. The plaintiff appeals from the trial court's granting of the defendant's motion to dismiss an administrative appeal for want of jurisdiction. The sole issue raised on appeal is whether the trial court erred in not considering the plaintiff's timely amendment which allegedly would have cured the allegedly defective original administrative appeal. We find no error.

The facts of this case indicate that the plaintiff never filed a memorandum of law in opposition to the defendant's motion to dismiss. Practice Book § 143 provides in relevant part: "If an adverse party objects to [a motion to dismiss] he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. *An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court*

*to have consented to the granting of the motion."* (Emphasis added.) In *Burton* v. *Planning Commission,* 13 Conn. App. 400, 405, 536 A.2d 995 (1988), we held that the provisions of Practice Book § 143 are mandatory and not merely directory and that in the event that a memorandum of law in opposition to a motion to dismiss is not filed within the appropriate time frame the motion to dismiss shall be granted. We find that this case is not distinguishable from *Burton.* Since we find that this case is controlled by our holding in *Burton,* we need not address the merits of the plaintiff's appeal.

There is no error.