GEORGIANNA CZAJA *v.* JOSEPH SALLAK ET AL.
(5609)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 5—decision released February 9, 1988

*Donald J. McCarthy, Jr.,* with whom, on the brief, was *Kirby G. Huget,* for the appellant (plaintiff).

*Gregory M. Harris* and *Richard J. Guiliani,* for the appellees (defendants).

PER CURIAM. The plaintiff appeals from the judgment of the trial court dismissing her appeal from a decision of the probate court for the district of Haddam. That decision denied the plaintiff's application for appointment of a conservator of the named defendant, her

father. The trial court granted the motion to dismiss filed by the defendant James Wiknik, the named defendant's grandson, on the ground that the plaintiff had not sufficiently alleged aggrievement.

It is not necessary to address the merits of the plaintiff's claims of error, because this appeal is controlled by our recent decision in *Burton* v. *Planning Commission,* 13 Conn. App. 400, 536 A.2d 995 (1988). In *Burton,* we held that the timely filing of a memorandum of law in opposition to a motion to dismiss, pursuant to Practice Book § 143,[1] is mandatory, and that noncompliance with the five-day time period mandated by § 143 required that the motion be granted without regard to its merits. *Burton* rested on our reading of the decision of our Supreme Court in *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986), which held the identical language of Practice Book § 155 to be mandatory. As in *Hughes* v. *Bemer,* supra, 402, the defendants in this case rely on the plaintiff's noncompliance with Practice Book § 143 as an alternate ground on which to sustain the judgment of the trial court. See Practice Book §§ 4013 (a) (1) and 4066 (a). This claim of the defendants is dispositive of this appeal.

The trial court record discloses that on June 2, 1986, one of the defendants, Wiknik, filed a motion to dismiss

---

[1] "[Practice Book] Sec. 143.—GROUNDS

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

the plaintiff's appeal from the probate court, together with a memorandum of law in support thereof. On June 15, 1986, the plaintiff filed a motion for extension of time to file her memorandum of law in opposition to the motion to dismiss. No action was taken on that motion. The motion to dismiss was heard on October 14, 1986. The plaintiff's memorandum of law was filed at 9:48 a.m. on that day.[2] The trial court, nonetheless, addressed the merits of the motion to dismiss, and granted the motion. We are precluded from reaching the merits of the plaintiff's claims of error because she did not comply with the mandate of Practice Book § 143 to file a timely memorandum of law in opposition to the defendant's motion to dismiss. This noncompliance means that the plaintiff "shall be deemed by the court to have consented to the granting of the motion." Practice Book § 143; *Burton* v. *Planning Commission,* supra.

There is no error.

---

[2] At oral argument in this court, the plaintiff suggested that at short calendar in the trial court, she asked the defendants if they needed more time to respond thereto. This cannot be determined from this record, however, nor can the response of the defendants, because the plaintiff has not filed in this court a transcript of the short calendar argument. Nor does the plaintiff claim that she requested the court to continue the matter so that her filing on that date would comply with § 143.