Per Curiam.
On August 29, 1986, the defendant moved to dismiss the plaintiff’s action for injunctive relief. A hearing on the defendant’s motion to dismiss was scheduled for September 15,1986. On September 11, 1986, the plaintiff filed a motion for extension of time to file its memorandum of law in opposition to the motion to dismiss. No action was taken on that motion and the plaintiff filed its memorandum in opposition the following day. On September 15, 1986, the trial court addressed the merits of the motion to dismiss, and granted the motion. The plaintiff appeals from the granting of that motion.
We find this case to be controlled by our holdings in Czaja v. Sallak, 13 Conn. App. 411, 412, 536 A.2d 1001 (1988), and Burton v. Redding Planning Commission, 13 Conn. App. 400, 408-409, 536 A.2d 995 (1988). In those cases, we held that “the timely filing of a memorandum of law in opposition to a motion to dismiss, pur *752 suant to Practice Book § 143,[1] is mandatory, and that noncompliance with the five-day time period mandated by § 143 required that the motion be granted without regard to its merits.” Czaja v. Sallak, supra, 412.
There is no error.

 “[Practice Book] Sec. 143. —grounds
“The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.
“If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion.”