## DAVID McCLURE v. CONNECTICUT LIGHT AND POWER COMPANY ET AL.

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE No. CV 86-0318188S
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed May 17, 1988

*William R. Davis,* for the plaintiff.
*James Szerejko,* for the defendants.

A. ARONSON, J. The plaintiff moves to reargue a decision by this court granting the motion by the defendants Victor Jarm and the city of Hartford to strike counts II and III of the plaintiff's amended complaint because the plaintiff failed to state a claim upon which relief could be granted.

The court's decision to grant the motion to strike was based upon the failure of the plaintiff to comply with § 155 of the Practice Book, which mandates that a party

opposing a motion to strike file a memorandum in opposition to that motion at least five days before the date the motion is to be heard on the short calendar. The court cited *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986).

In the affidavit of the plaintiff's attorney attached to his motion to reargue, the attorney states that he signed a memorandum of law in opposition to the motion to strike on Monday, January 18, 1988, certified that the memorandum was mailed to all counsel of record on that date and mailed the memorandum that day, postage prepaid, to the clerk of the court.

On January 18, 1988, when the plaintiff's memorandum in opposition was mailed to the clerk's office, the plaintiff's attorney did not know that the motion had been assigned for argument on the following Monday, January 25, 1988. The plaintiff's attorney had not received the short calendar notice for January 25, 1988, until either January 19 or 20. The memorandum of law in opposition to the motion to strike was filed in the clerk's office on Thursday, January 21, 1988, at 9:23 a.m., but it was not placed in the court file until after the court's ruling on the motion.

The plaintiff's attorney recites, in his affidavit, that his law office uses the same post office station that the court uses, and that mail from the clerk's office generally arrives within one or two days.

Ordinarily, the responsibility for the proper filing of motions rests upon counsel in the case. Practice Book § 121. The issue in this case, however, deals not with the responsibility of counsel, but rather, with whether the plaintiff can be deprived of a substantive right without adequate notice sufficient to comply with the time

limitations contained in Practice Book § 155.[1] This court holds that a party must receive adequate advance notice of the scheduling of the short calendar at which the motion will be considered by the court before the time limitation contained in § 155 becomes applicable.

Notice is central to the constitutional issue of procedural due process. *Weil* v. *Miller,* 185 Conn. 495, 500, 441 A.2d 142 (1981). "We have held that 'it is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him.' *Parsons* v. *Lyman,* 32 Conn. 566, 576, quoting Mr. Chief Justice Marshall in *The Mary,* 13 U.S. (9 Cranch) 126, 3 L. Ed. 678 [1815]. Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." *Kron* v. *Thelen,* 178 Conn. 189, 193, 423 A.2d 857 (1979).

In this case, the plaintiff's counsel had mailed the memorandum required by § 155 prior to receiving notice of the date of the short calendar upon which the motion to strike would be heard by the court. The last day for the plaintiff to file his memorandum to be in compliance with § 155 would have been the Wednesday prior to the short calendar scheduled on the following Monday. Even if the plaintiff's counsel had delayed filing the memorandum until he had received

[1] "[Practice Book] Sec. 155. ——MEMORANDUM OF LAW

"Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies.

"If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

notice of the date of the short calendar, he would not have been allowed enough time to comply with the filing requirements of § 155.

Where, as here, a party does not receive adequate notice to allow him to comply with § 155, he has been deprived of his fundamental right of procedural due process.

This case can be distinguished from *Hughes* v. *Bemer,* supra, and *Burton* v. *Planning Commission,* 13 Conn. App. 400, 536 A.2d 995 (1988), holding that the filing of a memorandum of law is mandatory. The distinction in *Burton* is that the *Burton* motion to dismiss was filed on July 21, 1986, scheduled for short calendar on Monday, September 22, 1986, and postponed and finally heard on Monday, September 29, 1986. The memorandum in *Burton* was filed four days prior to September 29, 1986, in violation of the five day time limitation in Practice Book § 143. In *Hughes* v. *Bemer,* supra, no memorandum of law was filed in response to the defendant's motion to strike, and we are not privileged to know the reason for not filing a memorandum. Neither *Hughes* nor *Burton* dealt with the constitutional issue in this case, which is lack of adequate notice to a party sufficient to allow him time to present his opposition to the motion.

Accordingly, the plaintiff's motion to reargue the defendants' motion to strike is granted.