MEMORANDUM OF DECISION
 I.
Introduction
The present appeal concerns a denial by the defendant Colchester Zoning and Planning Commission (hereinafter, the Commission) of the plaintiff Creative Development for Colchester, Inc.'s application to rezone eight acres to allow the construction of multifamily units. The application was made pursuant to P.A. 89-311 (now codified as General Statutes8-30g), a bill which modified judicial review of land development applications which included a certain percentage of affordable housing as defined in General Statutes 8-39a. On November 20, 1990, the plaintiff sought a zone change from an R-60 designation (rural residential, 60,000 square foot lots; see Return Item ff, p. 9) to an R-30 designation (urban residential, 30,000 square foot lots; see Return Item ff, p. 12) in order to construct approximately 21 units for low and moderate income families or elderly and/or handicapped persons (Return Items a; b). The instant application followed two applications that were withdrawn by the plaintiff. The plaintiff is the owner of five of the eight acres, having purchased its parcel for $166,000.00 on October 29, 1990 (Return Item f). The land was not purchased subject to any zoning contingency.
A public hearing was scheduled for February 6, 1991, at which time the plaintiff appeared to support its application. Evidence was submitted, inter alia, on the suitability of the parcel (Return Items e, gg) and the need for affordable housing in Colchester (Return Items n, o, q). The Commission limited the presentation to zone change issues and not issues of the site plan (Return Item gg, p. 28).
The intervening defendant, Colchester Fish and Game Club, Inc. (hereinafter, the Club), an abutter to the plaintiff's property, filed a petition signed by 214 members (Return Item x) and presented evidence objecting to the zone change. The Club argued that its shooting, archery and hunting activities make the plaintiff's parcel an unsafe location for multifamily housing. Additionally, it argued that new residents would undoubtedly object to the gun noise (both day and night), that the plaintiff's property should remain in a rural zone, that the rezone would constitute spot zoning, and that the rezone would cause insurance problems for the Club. The public hearing was continued to and closed on February 20, 1991. The Commission voted to deny the zone change request on CT Page 1829 March 6, 1991 (Return Items cc; ee). The present appeal was taken on March 21, 1991.
On May 29, 1991, the Commission moved to add the Club as a party defendant and on June 10, 1991, the court, Maloney, J., denied said motion. Thereafter, on June 24, 1991, the Club moved to intervene as a party defendant. Said motion was granted, Wagner, J. On August 13, 1991, the Club moved to dismiss this appeal for lack of subject matter jurisdiction in that as the present appeal was based on the denial of a zone change, the provisions of P.A. 89-311 did not apply. Essentially the Club argued that the Act only applied to commission decisions made in an administrative capacity on applications for specific projects such as a site plan or special permit. The Club maintained that the Act could not apply to legislative decisions, such as the approval or denial of a zone change request. On October 1, 1991, the court, M. Hennessey, J., rejected the argument stating that "the affordable housing statute . . ., does not affect the court's authority to hear appeals brought thereunder, but merely modifies certain procedures and standards of review." The court added "thus, even if a case is found not to be governed by the affordable housing statute, the court would nevertheless have jurisdiction over the subject matter . . . ."[1]
Judge T. Corrigan in Kraft v, Madison Planning Zoning Commission, 4 Conn. L. Rptr. No. 20, 662 (September 30, 1991) also denied a similar motor to dismiss. He stated "[t]o permit a town to avoid zoning for such development and at the same time require an applicant to petition for a zone change before making an application would thwart the purposes of the legislation." Before receiving Judge Hennessey's decision, the Commission filed a motion to dismiss stating that it had published a defective notice of public hearing and that consequently it had been deprived of jurisdiction. That motion, along with the substantive issues of the appeal, were heard by this court on December 24, 1991.
 II.
Discussion
 A.
Aggrievement
Section 8-30 (g)(b) begins with the statement that "[a]ny person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units . . . may appeal such decision pursuant to the procedures of this CT Page 1830 section." The section ends with "[e]xcept as otherwise provided in this section, appeals involving an affordable housing application shall proceed in conformance with the provisions of said sections 8-8, 8-9, 8-28, 8-30 or 8-30a, as applicable." The reference to Section 8-8 and the wording of the first sentence of 8-30g(b) clearly suggest to this court that even though the word "aggrieved" was not used by the legislature, Connecticut common law applies to these appeals — albeit, perhaps on a limited basis.[2]
Aggrievement has a two-fold test:
 First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning Zoning Commission, 176 Conn. 475, 477-78, 408 A.2d 252 (1979).
At the hearing, the plaintiff introduced, without objection, a copy of its deed to the 5.72-acre property. An owner of property is deemed aggrieved by a negative decision of a land use commission. Bossert Corp. v. Norwalk, 157 Conn. 279
285, 253 A.2d 39 (1968).
Thus, as the Commission denied this affordable housing application, this court found at trial, and reiterates herein, that the plaintiff has a specific and legal interest which has been injuriously affected by the Commission's decision and is therefore aggrieved. Walls v. Planning Zoning Commission, supra, 478.
 B.
Subject Matter Jurisdiction of the Commission
1.
The Commission's motion to dismiss is unique; it is attacking the validity of its own decision. The Commission argues that it published a defective notice of public hearing and that it therefore had no jurisdiction. The plaintiff, of course, argues that the notice was adequate. The public notice read as follows: CT Page 1831
 Creative Development of Colchester — Rev. David Foy Crabtree — Route 85 — Petition for Change of Zone R60 to R30.
The defendant claims that this motion is defective because it fails to adequately identify the subject property by address, assessor's lot number, or by utility pole. The plaintiff argues that a notice that refers to the property by street name, owner's name, applicant's name, and zone change sought is legally sufficient.
Section 8-3(a) of the General Statutes requires that a zoning commission publish in the form of a legal notice the time and place of the hearing on a zone change application. Compliance with statutorily prescribed notice requirements is a jurisdictional prerequisite to a valid action by a land use commission; failure to give proper notice deprives a land use commission of subject matter jurisdiction, and renders its actions null and void. Wright v. Zoning Board of Appeals,174 Conn. 488, 489, 391 A.2d 146 (1978); Koepke v. Zoning Board of Appeals, 25 Conn. App. 611, 616, ___ A.2d ___ (1991). Before the court can conclude that any action taken by the Commission is valid, this notice provision must be complied with fully. Slagle v. Board of Appeals, 144 Conn. 690, 693,137 A.2d 542 (1957); Peters v. Environmental Protection Board,25 Conn. App. 164, 168, 593 A.2d 975 (1991).
Because the statutory notice requirements are for the protection of property interests and implicate due process rights, Cocivi v. Plan Zoning Commission, 20 Conn. App. 705,708, 570 A.2d 226 (1990), adequate prehearing notice must inform affected and properly interested parties of their opportunity to be heard and to be apprised of the relief sought. Koepke v. ZBA, supra, 617-18; Peters, supra, 168. Thus, notice, in order to be adequate, must "fairly and sufficiently apprise the public of the action proposed, making possible intelligent preparation for participation in the hearing." Cocivi v. Plan Zoning Commission, supra, 705, citing Kleinsmith v. Planning Zoning Commission, 157 Conn. 303, 310, 254 A.2d 486 (1968); Bombero v. Planning Zoning Commission, 17 Conn. App. 150, 154,550 A.2d 1098 (1988).
In Peters v. Environmental Protection Board, supra, the published notice did not identify the subject property by specific street address, by the name of the current owner, by size, or by location with respect to an intersecting street. The court held at 168-69, that:
 [b]y omitting the specific location of the proposed nursing home, the board issued CT Page 1832 defective notice. Referring to the subject property by street name only in a legal notice does not suffice to apprise as much of the populace as possible of the proposed construction . . . . (Emphasis supplied).
Although the Peters case reviewed the notice requirements of General Statutes 22a-42a(c), there is no material difference in the notice requirements of the two statutes. Id. 167-68.
The plaintiff argues that the notice in the instant case is adequate because, unlike the notice in Peters, it identifies the owner of the subject property. Including the owner's name is certainly important; indeed required. That alone, however, does not equate to proper notice. The specific address was omitted. Members of the public should not be required to "employ the skills of a research librarian to determine where the subject property is located. The act of giving statutory notice is much too important to be done by way of informal, unofficial, or chancy cross-referencing." Id. 169. This court agrees with the Commission that it erred in giving proper notice of the public hearing. As indicated, said failure deprived the Commission of subject matter jurisdiction and all of its actions are rendered null and void. Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41, 44, 301 A.2d 244 (1972).
2.
The Commission's argument is unusual in that it is confessing its error. The jurisdictional arrow is traditionally found in a plaintiff's quiver. This court knows of no other cases in which the commission has used this issue against itself. The court is mindful, of course, that the above result, i.e., no approval, is exactly what the Commission and the Club desired. Nevertheless, jurisdictional issues should be addressed when evident and this court, without the assistance of the Commission could have reached this conclusion. Castro v. Viera,207 Conn. 420, 429, 541 A.2d 1216 (1988).[3]
Motions to dismiss are rare in land use appeals. While authorized by General Statutes 8-8 (j), that section and its predecessor, 8-8 (d), is primarily utilized for aggrievement and standing issues. See Burton v. Planning Commission, 13 Conn. App. 400,536 A.2d 1000 (1988). Aggrievement is a jurisdictional question. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). The notice cases cited earlier, however, were all decided by a decision on the merits: the appeals were sustained. A motion to dismiss implicates the court's jurisdiction. Baskin's Appeal from Probate, 194 Conn. 635, 640, 484 A.2d 434 (1984). The CT Page 1833 issue herein is the Commission's jurisdiction, not that of this court. This court certainly has jurisdiction to determine whether the public notice was proper. Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 388, 311 A.2d 77 (1972); Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89,109, 291 A.2d 721 (1971). Accordingly, the appeal is sustained and the case is remanded to the Commission to commence the process again with a proper notice. Costs are awarded to the plaintiff.
BERGER, J.