[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a motion to dismiss, pursuant to Conn. P.B. 143, in the above captioned case claiming that the court lacks personal jurisdiction. It alleges, inter alia, that there is no factual predicate for the invocation of personal jurisdiction over the defendant foreign corporation, and further, that even if the long arm statute authorizes the CT Page 3390 exercise of jurisdiction, the requirements of "minimum contacts" to satisfy the requirements of due process have not been sufficiently demonstrated.
The plaintiff contests these allegations and challenges the defendant's ability to raise these issues via an untimely motion. The defendant filed a motion to extend the 30-day requirement, set forth in Conn. P.B. 143, which motion was never acted upon. The lack of timeliness of the motion to dismiss in this case acts as a procedural bar to further consideration of the merits raised therein by this court.
A reading of P.B. 114 and accompanying Comment section seems to indicate that the court has the discretion to grant a motion to extend time in which to file a motion to dismiss. Where, however, the motion to extend was never acted upon, this court finds nothing to support the proposition that the filing alone tolls the 30-day period.
In two separate cases presenting an analogous situation, the Appellate Court took no notice of motions for extension of time where the motions had not been acted upon. In those cases, Czaja v. Sallak, 13 Conn. App. 411, cert. denied, 207 Conn. 807
(1988); and Boehringer Ingleheim Pharmaceuticals, Inc. v. Morganti, Inc., 13 Conn. App. 813 (1988), the Court granted motions to dismiss because the opposing party had not filed opposing papers at least five days before short calendar, thereby consenting to the granting of the motion (under the old Practice Book rules, later amended to remove the consent language. In both cases the opposing party had filed a motion for extension of time in which to file opposing papers, which motions were not acted upon. The Appellate Court did not take the filing of these motions into consideration in rendering its decision.
Therefore, the failure to file the motion to dismiss within the time constraints imposed by the practice book or to obtain an extension of time within which to comply with 143 forecloses further consideration of the merits of the defendant's motion.
KATZ, JUDGE