[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10669
The defendant's Motion to Dismiss is denied for the following reasons:
1. The motion was not accompanied by a supporting memorandum of law and supporting affidavits (as mandated by C.P. § 143.) The filing of a memorandum is mandatory, not directory. Burton v.Planning Commission, 13 Conn. App. 400, 401-402 (1988); Hughes v.Bemer, 200 Conn. 400 (1986).
2. The defendant has not met its burden of proving the allegations of its motion. Genung's, Inc. v. Ricci, 33 Conn. Sup. 554
(1976). The sheriff's return states that service of the Notice to Quit was left with the person in charge of the defendant's office on August 2, 1995. The return is prima facie evidence of the facts stated therein. Cugno v. Kaelin, 138 Conn. 341, 343
(1951). The testimony of Joseph Majewski, the owner of the defendant company that he found the notice while going through a desk drawer is not credible. His testimony was vague and unreliable. The Court finds from the credible testimony that the person in charge of the plaintiff's business affairs, after learning that service of the notice to quit was served on August 2d 1995, went to the defendant's place of business on August 4th, 1995 when and where Mr. Majewski acknowledged receiving service of the Notice to Quit. The Court is not required to credit Majewski's testimony, and concludes that the prima facie facts stated in the return have not been rebutted. See also Uyen Phan, et al v.Delgado, 41 Conn. Sup. 367 (1990).
For the foregoing reasons, the Motion to Dismiss is denied.
Klaczak, J.