# JUDITH STILES *v.* HARTFORD CASUALTY INSURANCE COMPANY
## (14987)

Foti, Heiman and Schaller, Js.

Submitted on briefs June 7—officially released December 31, 1996

1

*William J. Sweeney, Jr.*, and *David M. Fisher* filed a brief for the appellant (plaintiff).

*Philip F. von Kuhn* filed a brief for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. The plaintiff claims that the trial court improperly (1) granted the defendant's motion to reargue its original motion for summary judgment and (2) determined that § 1 (f) of Public Acts 1993, No. 93-297 (P.A. 93-297), codified at General Statutes (Rev. to 1995) § 38a-336 (f), did not permit her to claim underinsured motorist benefits under her employer's insurance policy with the defendant. The second issue, which is dispositive, was decided by our Supreme Court in *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, 238 Conn. 285, 679 A.2d 925 (1996), after oral argument in this case. In accordance with this decision, we reverse the judgment of the trial court.[1]

The following allegations made by the plaintiff in her May 20, 1994 complaint are relevant to our resolution of this appeal. On October 16, 1992, the plaintiff was operating a motor vehicle owned by her employer, Willow Brook Shopper, Inc., when a vehicle operated by Donna Dumont collided with her car. The plaintiff suffered injuries and brought a claim for damages against Dumont. The plaintiff received compensation that exhausted the automobile liability coverage of Dumont's insurance, but did not fully compensate the plaintiff for her injuries. The defendant, Hartford Casualty Insurance Company, refused to pay the plaintiff underinsured motorist benefits pursuant to her employer's insurance policy.

---

[1] In view of our resolution of the dispositive issue, we do not review the first issue.

On March 20, 1994, the defendant filed a motion for summary judgment[2] arguing that General Statutes (Rev. to 1995) § 31-284 (a) precluded the plaintiff's claim for underinsured motorist benefits. The plaintiff objected on the ground that by enacting P.A. 93-297, § 1 (f), the legislature intended to allow persons injured in the course of their employment to seek underinsured motorist benefits under their employer's insurance policies. On April 19, 1995, the trial court denied the motion for summary judgment.

On June 8, 1995, the defendant filed a motion to reargue its motion for summary judgment. The defendant argued that "it appears that the trial court's attention was not directed to the fact that P.A. 93-297 brought about a substantive change in the law that could not be applied retroactively. Moreover, P.A. 93-297 affirmatively provided that the amendment to the statute was to apply to acts or omissions occurring on or after January 1, 1994." The plaintiff objected, arguing that pursuant to Practice Book § 204B, a motion to reargue must be filed within twenty days of the issuance of the notice of a decision. The plaintiff further asserted that the court had not improperly denied the motion for summary judgment.

On June 26, 1995, the trial court reversed itself, vacating its original order and granting the defendant's motion for summary judgment. The court determined that P.A. 93-297, § 1 (f), applied only to acts or omissions occurring on or after January 1, 1994.[3]

---

[2] Because this case had already been placed on the assignment list, the defendant moved for permission to file its motion for summary judgment pursuant to Practice Book § 379, and the trial court granted permission.

[3] " 'The standard of review of a trial court decision granting a motion for summary judgment is well settled and is not challenged in this case. Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary

The plaintiff claims that pursuant to P.A. 93-297, § 1 (f), she may recover underinsured motorist benefits under her employer's insurance policy. She argues that the legislative history of the statute demonstrates that the act was intended to abrogate the harsh results of the workers' compensation exclusivity provision.[4] Section 31-284 (a) provides in relevant part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . ." In *CNA Ins. Co.* v. *Colman*, 222 Conn. 769, 773, 610 A.2d 1257 (1992), our Supreme Court held that under the Workers' Compensation Act, an "employer is insulated from bearing *any* costs arising out of workplace injuries in excess of those provided by worker's compensation." (Emphasis in original.) An employee "who can receive workers' compensation benefits is therefore barred from collecting under his employer's uninsured motorist coverage." Id., 774; see also *Bouley* v. *Norwich*, 222 Conn. 744, 610 A.2d 1245 (1992).[5]

Public Act 93-297, § 1 (f), enacted after *CNA Ins. Co.* v. *Colman*, supra, 222 Conn. 769, provides: "Notwithstanding subsection (a) of section 31-284, an employee

judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990).' . . . *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 588 n.10, 674 A.2d 1290 (1996)." (Citation omitted.) *Cirillo* v. *Sardo*, 41 Conn. App. 664, 667, 676 A.2d 1388, cert. denied, 239 Conn. 904, 652 A.2d 998 (1996).

[4] Representative Richard D. Tulisano stated: "Since this law doesn't go into effect until . . . January, 1994 . . . I think the courts might look at this as [a] restatement of legislative intent . . . . I just note that we have always understood that the workers' comp. carriers had a lien on any proceeds and therefore, they were always covered and I think a Supreme Court decision was just out of the ordinary in this area." H.R. Proc., Pt. 27, 1993 Sess., p. 9674.

[5] The plaintiff's eligibility for workers' compensation benefits has not been contested in this action.

of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage." While P.A. 93-297, § 1 (f), clearly overrules *CNA Ins. Co.*, the issue is whether the statutory amendment applies to the plaintiff's particular circumstances. P.A. 93-297, § 29, provides that "[§] 1 . . . shall be applicable to acts or omissions occurring on or after January 1, 1994." Notwithstanding the specific language of § 29,[6] however, our Supreme Court held in *Reliance Ins. Co.*[7] that an examination of legislative history revealed that "P.A. 93-297 was intended to be clarifying legislation and, as such, must be accepted as a declaration of the legislature's original intent pertaining to the interplay between the uninsured motorist provisions of General Statutes § 38a-336 and the workers' compensation exclusivity provision of General Statutes § 31-284. . . . Consequently, we conclude that an employee is not barred from recovering uninsured motorist coverage benefits against his or her employer's insurer in regard to a motor vehicle accident that occurred prior to the effective date of P.A. 93-297." (Citation omitted.) *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, supra, 238 Conn. 291.

"As an intermediate appellate court, we must follow the precedent of our Supreme Court . . . . *Burton* v. *Planning Commission*, 13 Conn. App. 400, 409, 536 A.2d 995 (1988), aff'd, 209 Conn. 609, 553 A.2d 161 (1989)." (Internal quotation marks omitted.) *State* v. *Zoravali*, 34 Conn. App. 428, 440 n.10, 641 A.2d 796, cert. denied, 230 Conn. 906, 644 A.2d 921 (1994).

[6] See *Prudential Property & Casualty Ins. Co.* v. *Bannon*, 233 Conn. 243, 250 n.5, 658 A.2d 567 (1995).

[7] A motion for reconsideration or reargument raising the point that § 29 of P.A. 93-297 was not addressed in the court's opinion in *Reliance Ins. Co.* was denied.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment, and for further proceedings.

In this opinion the other judges concurred.