[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Motion for Summary Judgment No. 170
The plaintiff, Ann Caron, filed a six count complaint (individually, and as Administratrix of the Estate of James Caron) alleging negligence and loss of consortium against the defendants, Connecticut Light Power Company (CLP); Ronald Haestad, Inc.; and the City of Danbury (Danbury). The motion for summary judgment concerns only counts five and six of the plaintiff's complaint. Count five alleges negligence against Danbury. Count six alleges loss of consortium against Danbury.
Count five of Caron's complaint alleges the following facts. The decedent, James Caron, was an invitee upon premises owned by Danbury. Danbury created and maintained a dangerous condition on the premises, failed to inspect the premises, failed to warn the CT Page 2570 decedent of the dangerous and hazardous condition of the job site, failed to take proper measures to render the premises reasonably safe, failed to remedy the dangerous and hazardous condition on the job site, failed to exercise reasonable care, and failed to properly observe the decedent and others while working on the job site. The decedent was electrocuted while working on property owned by Danbury. "The acts of the Defendant Danbury . . . were outside the scope of any employment relationship between the Defendant Danbury and James Caron and did not arise out of and in the course of James Caron's employment with the Defendant Danbury." Count six of the plaintiff's complaint alleges that Caron suffered the loss of consortium of her husband, James Caron, as a result of Danbury's negligence.
On August 19, 1996, Danbury filed an answer denying the material allegations of Caron's complaint and asserting three special defenses: (1) contributory negligence; (2) Caron's cause of action is barred by the exclusivity provisions of the Workers' Compensation Act; (3) Caron's cause of action is barred by the doctrine of governmental immunity.
On August 19, 1996, Danbury filed a motion for summary judgment as to counts five and six of the plaintiff's complaint accompanied by an affidavit and two exhibits. This motion was granted by the court, Stodolink, J., on October 18, 1996. On October 30, 1996, the parties filed a joint motion to reargue. On November 18, 1996, the court vacated its previous order. On January 24, 1997, Caron filed an objection to Danbury's August 19, 1997 motion for summary judgment accompanied by an affidavit.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
Danbury moves for summary judgment on the ground that there is no genuine issue of material fact and the exclusivity provision of the Workers' Compensation Act (General Statutes § 31-284 (a)) bars the plaintiff's recovery as a matter of law. In response, Caron argues that there is a genuine issue of material facts as to whether the alleged breach of duty arose from the employer/employee relationship or from the CT Page 2571 invitee/landowner relationship. Caron points out that her case turns on Connecticut's recognition of the dual capacity doctrine.[1]
The Supreme Court has held that "[i]n Connecticut the exclusive remedy for an employee injured in the course of employment is provided by the Workers' Compensation Act. . . ."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The Supreme Court consistently has "interpreted the exclusivity provision of the act . . . as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." (Citations omitted.) Suarez v.Dickmont Plastics Corp. 229 Conn. 99, 106, 639 A.2d 507 (1994).
In the present case, the Workers' Compensation Commission found that the decedent's injuries and death arose out of and in the course of his employment with Danbury; Caron has been awarded compensation for those injuries. Caron v. Danbury, Stipulation of Facts and Award, ¶¶ 3-4 (September 27, 1994). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the same parties, whether on the same or a different claim." (Citations omitted; internal quotation marks omitted.) Saporoso v. Aetna Life Casualty Co.,221 Conn. 356, 367, 603 A.2d 1160 (1992), rev'd on other grounds,239 Conn. 207, 682 A.2d 106 (1996)
Despite the clear language of the statutes and the award of compensation, Caron argues that she has a cause of action pursuant to the dual capacity doctrine which she asserts is an exception to the exclusive remedy provisions of the Workers' Compensation Act (the Act). In Panaro v. Electrolux Corporation,208 Conn. 589, 600, 545 A.2d 1086 (1988), the Supreme Court refused to carve out a dual capacity doctrine exception to the exclusivity provision of the Act. Additionally, "[i]n a related context, [the Supreme Court has] . . . recently rejected the dual capacity doctrine." (Citation omitted.) Sharp v. Mitchell,209 Conn. 59, 62 n. 3, 546 A.2d 846 (1988). In Bouley v. Norwich,222 Conn. 744, 610 A.2d 1245 (1992), the court considered the doctrine in the context of an employee's claim for underinsured motorists coverage from his employer. The court stated: "We have previously considered and expressly rejected the dual capacity doctrine in the context of a claim that a company employed nurse CT Page 2572 was acting as an independent contractor in treating a plaintiff employee. Panaro v. Electrolux Corporation, supra, 600, 606. In doing so, we recognized that the weight of authority in nearly all jurisdictions had rejected similar dual capacity arguments."Bouley v. Norwich, supra, 222 Conn. 762.
Caron asserts that Bouley has been overruled and that the Supreme Court is now ready to adopt the dual capacity doctrine. As authority for this proposition, Caron cites Reliance Ins. Co.v. American Casualty Inc. Co., 238 Conn. 285, 679 A.2d 925
(1996). In Reliance, the Supreme Court was asked to decide whether Public Act 93-297, authorizing employees to recover underinsured motorist benefits from their employer, should apply retroactively. Prior to the enactment of P.A. 93-297, the court held, in Bouley, that the Act barred an employee injured within the scope of employment from recovering underinsured motorist benefits under the employer's policy. See Bouley v. Norwich,
supra, 222 Conn. 744 (1992); CNA Ins. Co. v. Colman,222 Conn. 769, 774, 610 A.2d 1257 (1992). In Reliance, the court noted that the legislature had responded to the court's decisions in Bouley
and CNA by enacting P.A. 93-297 § 1(f), which provided that "notwithstanding subsection (a) of section 31-284 an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage." The court reviewed the legislative history of P.A. 93-297 and concluded that it was clarifying legislation reflecting the original intent of the legislature and should apply retroactively to the plaintiff's case. Reliance Ins. Co. v.American Casualty Inc. Co., supra, 238 Conn. 291; Stiles v.Hartford Casualty Ins. Co., 44 Conn. App. 1, 5, 686 A.2d 528
(1996)
Caron's reliance on this case is misplaced. The legislature, not the court, created this narrow exception to the exclusivity provision of the Act. Further, Reliance does not signal the court's readiness to adopt the dual capacity doctrine. The court merely interpreted a timing aspect of P.A. 93-297. Reliance Ins.Co. v. American Casualty Inc. Co., supra, 238 Conn. 291. In addition, the Supreme Court has consistently expressed reluctance to usurp the legislative function and carve out a judicial exception to the Act. Our Supreme Court has recognized "that over the years the legislature has worked out a complex statutory scheme in promulgating workers' compensation statutes and that `[a]n integral part of this complex structure is the accepted CT Page 2573 proposition that an employee surrenders other claims for the certainty of the exclusive workers' compensation remedy.' [Citation omitted.] Such a `comprehensive, well thought out legislative scheme, should not be tinkered with by the courts.'" (Citations omitted.) Bouley v. Norwich, supra, 222 Conn. 760. Accordingly, the dual capacity doctrine is not a recognized exception to the exclusivity provision of the Act.
For the foregoing reasons, the court grants Danbury's motion for summary judgment as to count five of Caron's complaint because as a matter of law the dual capacity doctrine is not a recognized exception to the Act. Additionally, because count six is derivative of count five, the court grants Danbury's motion for summary judgment as to that count as well.
Walsh, J.