[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to dismiss this matter for lack of personal jurisdiction. He alleges defective service in that the writ, summons and complaint was neither served on him in hand nor at his usual place of abode as required by § 52-54 and § 52-57(a) of the general statutes.
The plaintiffs do not dispute that in hand or abode was not accomplished, but argue that he deliberately attempted to evade service and that, in fact, he had actual notice of the pending of the action.
They also argue that the defendants failure to include a memorandum of law in support of his motion mandates that his Motion to Dismiss be denied.
 I Failure to include a memorandum of law in support of defendant's motion.
The motion to dismiss, dated February 17, 1999 was filed in the clerk's office on February 18, 1999.
The plaintiffs' objection dated April 8, 1999 was filed on April 9, 1999.
On April 26, 1999, the defendant filed his memorandum of law in support of his Motion to Dismiss. The memorandum is dated April 23, 1999. Practice Book § 10-31, as it pertains to this case, reads as follows:
 "The motion [to dismiss] shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits. . . ."
A trial court is, of course, required to follow the precedent of our appellate courts. Burton v. Planning Commission,13 Conn. App. 400, 409 (1988). CT Page 5675
The law of Burton is that § 143 of the Practice Book (the predecessor section to the current § 10-31) is couched in mandatory, not directory, language. Burton, supra p. 401-402. "The timely filing of such a memorandum of law is mandatory." id, (emphasis added). Nor is the defect cured by a late filing.Burton, supra, at p. 408. That ruling was subsequently affirmed by our Supreme Court. Burton v. Planning Commission,209 Conn. 609 (1989). "If the filing of a memorandum is mandatory, its timeliness is equally mandatory." Hughes v. Bemer, 200 Conn. 400
(1986).
While this Court is required to adhere to the rulings of Connecticut's appellate court and is, for the reasons stated, required to deny the motion to dismiss, it is noteworthy that the defendant did, in fact, have actual notice of the action and cannot claim to be prejudiced in any way and that fact also weighs in favor of the plaintiffs. In addition to actual notice and lack of prejudice, the Court can reasonably infer from the affidavits that the defendant, a practicing Connecticut attorney, was aware that a sheriff was attempting to serve him, and that he was less than cooperative with that attempt.
The Motion to Dismiss is denied.
Klaczak, J.