GREGORY HUGHES ET AL. *v.* JOHN S. BEMER ET AL.
(12713)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued April 2—decision released July 8, 1986

*Snow Gene Munford,* for the appellants (plaintiffs).

*Lois B. Tanzer,* with whom were *James M. Tanski* and, on the brief, *Elizabeth Schlaff,* for the appellees (defendants).

DANNEHY, J. This action was filed on behalf of Gregory Hughes, a minor, against John S. Bemer and Nancy L. Bemer, the owner and permittee, respectively, of a liquor store. The complaint alleged in separate counts the illegal sale of liquor to a minor in violation of General Statutes § 30-86,[1] and reckless and wanton misconduct in the sale of liquor to a minor. Michael A. Hughes, the father of the named plaintiff, joined in the suit claiming damages caused by his obligation to pay medical and hospital bills for his son. The defendants moved to strike the complaint for failure to state a cause of action. The motion was granted by the trial court, *Higgins, J.,* and judgment was rendered in favor of the defendants. The plaintiffs appealed. We find no error.

On November 12, 1982, the defendants sold a case of beer to Michael Calabrese, a minor. Calabrese, along with Andrew Titterton and Michael Belanger, also minors, consumed all or part of the beer. Thereafter, Titterton, while under the influence of the beer he had consumed, drove an automobile in which the plaintiff Gregory Hughes was a passenger. The automobile was involved in a one-car accident as a result of Titterton's

---

[1] "[General Statutes (Rev. to 1981)] Sec. 30-86. SALES TO MINORS, INTOXICATED PERSONS AND DRUNKARDS. Any permittee who, by himself, his servant or agent, sells or delivers alcoholic liquor to any minor, or to any intoxicated person, or to any habitual drunkard, knowing him to be such an habitual drunkard, and any person, except the parent or guardian of a minor, who delivers or gives any such liquors to such minor, except on the order of a practicing physician, shall be subject to the penalties of section 30-113."

"[General Statutes (Rev. to 1981)] Sec. 30-113. PENALTIES. Any person convicted of a violation of any provision of this chapter, for which a specified penalty is not imposed, shall, for each offense, be fined not more than one thousand dollars or imprisoned not more than one year or both."

impaired ability to operate the vehicle. Hughes suffered injuries which have rendered him a permanent quadriplegic.

The trial court struck the complaint in its entirety because it found no proximate cause between the sale of the beer and Hughes' injuries; *Slicer* v. *Quigley,* 180 Conn. 252, 429 A.2d 855 (1980); and because it found the complaint failed to state a cause of action for wanton and reckless misconduct in furnishing alcoholic beverages to a minor. See *Kowal* v. *Hofher,* 181 Conn. 355, 436 A.2d 1 (1980). On appeal the plaintiffs claim that: (1) *Slicer* v. *Quigley,* supra, should be overruled; and (2) the trial court erred in dismissing the counts of the complaint alleging wanton and reckless misconduct in light of our decision in *Kowal* v. *Hofher,* supra.

The defendants claim that, irrespective of the merits, the judgment of the trial court must be upheld under Practice Book § 155. We agree. That section provides in relevant part: "If an adverse party objects to [a motion to strike] he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." The plaintiffs in this case filed no memorandum of law in opposition to the motion to strike.

The principal function of Practice Book § 155 is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists. The filing of a memorandum of law setting forth the relevant arguments is mandatory under Practice Book § 155. Cf. *Darling* v. *Waterford,* 7 Conn. App. 485, 508 A.2d 839 (1986). The memorandum *must* be

filed, or the motion to strike *shall* be granted. The trial court did not err in granting the defendants' motion to strike the complaint.

There is no error.

In this opinion PETERS, C. J., HEALEY and SANTANIELLO, Js., concurred.

SHEA, J., dissenting. I disagree with the refusal of the majority to address the significant issue presented in this appeal of whether the trial court has disregarded our decision in *Kowal* v. *Hofher,* 181 Conn. 355, 359–62, 436 A.2d 1 (1980), holding that wanton and reckless misconduct in the sale of alcoholic liquor may constitute a proximate cause of the injuries sustained by a victim of an auto accident resulting from the impaired ability of the driver who had consumed the beverage. The justification advanced for disposing of the plaintiffs' claim without consideration of its merits, that Practice Book § 155 mandates such a result regardless of circumstances indicating a waiver of the provision by the defendants and the trial court, is wholly unprecedented.

The defendants in the trial court never raised noncompliance with § 155 by failure to file a memorandum opposing their motion to strike as a ground for granting the motion. They also failed to file a preliminary statement of issues pursuant to Practice Book § 3012 (a) relying upon this ground as an alternative basis for affirming the judgment. The first mention of the plaintiffs' failure to comply with § 155 appears in the defendants' brief on appeal. This court does not ordinarily consider issues that have not been properly raised in the trial court as required by Practice Book § 3063. Similarly, we have refused to consider alternate grounds for upholding a judgment of a lower court where the appellee has failed to file a preliminary statement of

such grounds pursuant to § 3012 (a). *State* v. *Torrence,* 196 Conn. 430, 434 n.6, 493 A.2d 865 (1985).

The trial court also never insisted upon compliance with § 155 or relied upon the rule as a basis for granting the motion to strike. The memorandum of decision considers the issues raised by the motion to strike wholly on their merits. From the record it appears that counsel for the plaintiffs moved for an extension of time until January 14, 1984, to file a memorandum in response to the motion to strike because he was on trial. This motion was denied on January 7, 1985, and the motion to strike was granted on January 11, 1985, a time sequence indicating that both motions may have been heard at the same motion calendar session. From the absence of any reference to the reasons for denying the request for an extension and the brevity of the discussion of the issues in the memorandum of decision, it is reasonable to infer that the requested extension was denied because the court regarded a memorandum by the plaintiffs as wholly superfluous. The absence of anything in the record either to confirm or deny this conceivable scenario may well be attributable to the failure of the defendants to raise § 155 as an issue until their brief was filed, in disregard of § 3012 (a). See Practice Book § 3012 (b).

The provision of § 155 that a plaintiff who fails to file a memorandum of law in opposition to a motion to strike "shall be deemed by the court to have consented to the granting of the motion" parallels a similar provision of Practice Book § 143 pertaining to a motion to dismiss. Both of these provisions impose a sanction upon the party opposing the motions for failure to file a memorandum which is not available for a like neglect on the part of one who has filed a motion to strike or to dismiss without a supporting memorandum as specified by the rules. It appears that the sanction of dismissing or striking the pleading under the

automatic consent provision is likely to be imposed much more frequently against plaintiffs than defendants. Although this evident imbalance may be justified, this court ought not to compound the disparate treatment of nondiligence by one party as compared to another under the rules by holding effectually that the application of the automatic consent provision may not be waived by failure to raise it in the trial court or excused by a judge who chooses to decide the issues on their merits. There is nothing in the language of § 155 that requires it to be construed as a jurisdictional barrier that the parties cannot waive or the court may not excuse under any circumstances.

It is the courts, the legal profession and the public generally, not just the plaintiffs, who are the losers when serious cases like this one fail to be resolved on their merits because of some procedural deficiency. This result is sometimes unavoidable in order to preserve a reasonably efficient judicial system. The trial court, however, saw no necessity for invoking § 155 in order to satisfy this objective but decided the issues on their merits. We ought not to ignore our own procedural rules, §§ 3012 (a) and 3063, which the defendants have disregarded, and thus penalize only the neglect of the plaintiffs for failure to file a memorandum the trial court viewed as unnecessary. This procedural delict of the plaintiffs pales to insignificance by comparison with the substantive error of the trial court in failing to adhere to a controlling precedent established by a recent decision of this court. *Kowal* v. *Hofher,* supra.

Accordingly, I dissent.