[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count one of the complaint on CT Page 8742 the grounds that Connecticut does not recognize a cause of action for negligent supervision of bar patrons, or in the alternative if Connecticut does recognize such a cause of action, on the grounds that plaintiff does not allege sufficient facts to survive a motion to strike.
The defendant moves to strike count two of the complaint on the grounds that the plaintiff has failed to sufficiently plead recklessness.
The plaintiff, Robert Castillo, filed an amended two count complaint on July 3, 1991, against the defendant Joseph Brito as permittee and Reis Reis d/b/a the Hour Glass Cafe. Count one alleges that the defendants negligently supervised their employees and patrons, resulting in the assault upon the plaintiff by an unknown patron. The second count alleges that; the defendants recklessly served intoxicating liquors to a patron who in turn assaulted the plaintiff.
On August 14, 1991, the defendants filed a motion to strike counts one and two of the plaintiff's complaint, arguing, as to count one, that Connecticut does not recognize a cause of action for the negligent supervision of employees or patrons of a drinking establishment. The defendants alternatively argue that if the cause of action is recognized in Connecticut, the plaintiff has failed to plead it sufficiently. As grounds for striking count two, the defendants claim the plaintiff has failed to sufficiently plead reckless service of alcohol.
As required by Practice Book 155, the defendants filed a supporting memorandum of law. The plaintiff has failed to file a memorandum of law in opposition to the motion to strike as set forth in Practice Book 155. Both parties appeared on September 19, 1991, and orally presented their arguments to the court.
The motion to strike is used to contest the legal sufficiency of a complaint to state a claim upon which relief can be granted. Practice Book 152. "The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91 108,491 A.2d 368 (1985). "The allegations are entitled to the same favorable construction as a trier of fact would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action the motion to strike must fail." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). Practice Book 155 states "if an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum of law." Practice Book 155. CT Page 8743
The plaintiff has failed to file a memorandum of law in opposition to the motion to strike. Prior to October 1, 1989, the failure to file a memorandum of law in opposition was deemed consent to the motion to strike. See, Hughes v. Bemer, 200 Conn. 400,510 A.2d 992 (1986). "Practice Book 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under this section." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1 578 A.2d 646 (1990).
I. Count One — Negligent Supervision
The defendants argue that the plaintiff has alleged negligence in the sale of alcohol and as such the count is subject to a motion to strike because the Dram Shop Act would be the exclusive remedy. The plaintiff has not pled the negligent sale of alcohol but has pled negligent supervision. In count one the plaintiff alleges that the assault and his injuries were caused by the negligence of the defendants.
 a. IN THAT the Defendants, . . . failed to properly observe, monitor and/or control the actions of patrons upon said premises, particularly said unidentified patron referred to above.
 b. IN THAT they failed to have adequate personnel to properly patrol, observe, and/or monitor the actions of patrons upon said premises, particularly said unidentified patron referred to above,
 c. IN THAT they failed to take reasonable steps to provide a safe and secure environment upon said premises for their patrons
 d. IN THAT the [sic] allowed said premises to become extremely overcrowded and disorderly, included a large congregation of intoxicated persons around the bar of said Hour Glass Cafe, which crowd included the unidentified patron referred to above
 e. IN THAT they failed to have present at said premises personnel capable of providing a proper and reasonable level of protection for patrons of said CT Page 8744 premises, including the Plaintiff;
 f. IN THAT they failed to adequately train and/or provide training for their personnel with respect to the control of patrons upon their premises,
 g. IN THAT they failed to have present an adequate number of security "bouncers" and/or other personnel at various and/or remote stations upon said premises to avoid and/or defuse fights, brawls or other violent altercations;
 h. IN THAT although they knew or should have known that said unidentified patron was visibly intoxicated, loud, boisterous argumentative and/or prone to violent proclivities, they failed to restrain control and/or remove him from their premises or to call the police. (emphasis added)
 Plaintiff's Amended Complaint, July 3, 1991 Count One Paragraph 6. The defendants argue that no cause of action as pled exists. We do not agree.
 Connecticut has recognized a cause of action for the negligent supervision of tavern patrons and employees. The court in Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1965) stated in dicta that an injured party may have a common-law cause of action against a seller of intoxicating liquor.
 [A] cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common law rule. . . . [A] patron or business visitor of the establishment who sustained an injury in person or property as a consequence of such negligence in supervision might have a common-law cause of action. . . .
Nolan, supra, 440-441. In Kozanski v. The Tobacco Shed,5 CSCR 47 (November 14, 1989, Hennessey, J.), the court held that "negligent supervision of patrons is distinct from furnishing CT Page 8745 intoxicating liquors and is, therefore not preluded by the common law rule that there is no action in negligence against one who furnishes intoxicating liquor to a person." Kozanski, supra, 48. As recently as August 28, 1991, Judge Pickett recognized a cause of action for negligent supervision of bar patrons and allowed the plaintiff to proceed with her claim. Olson v. Tompkins, Superior Court, Judicial District of Litchfield, Docket No. 05-41-61 (August 28, 1991). The plaintiff has pled a cause of action not barred by common law or the Dram Shop Act.
The defendants' next claim is that if Connecticut recognizes the cause of action then the plaintiff has failed to sufficiently allege facts to support said cause of action. In support of their argument the defendants rely on Gorman v. Old Town Cafe, 1990 WL 264758 (Conn.Super., Nov. 29, 1990, Hennessey, J.), in which the defendants' motion to strike was allowed on the grounds that the plaintiff failed to sufficiently plead negligent supervision. In Gorman, the plaintiff pled that the defendants "(1) improperly supervised and controlled the activities of patrons within their premises; (2) allowed patrons on the premises who were likely to injure other patrons, (3) failed to provide competent employees to maintain proper order and to exercise reasonable care for the safety of its patrons." Gorman, supra. On these allegations the court found the plaintiff had failed to sufficiently plead facts to support the cause of action and granted the motion to strike.
The plaintiff Castillo has alleged more facts than were alleged in Gorman. The plaintiff has alleged facts, in addition to those alleged in Gorman, that:
 they failed to adequately train and/or provide training for their personnel; they failed to have present an adequate number of security, bouncers. . .upon said premises to avoid and/or defuse fights, they failed to take reasonable steps to provide a safe and secure environment; and they allowed said premises to become extremely overcrowded and disorderly.
Plaintiff's Amended Complaint July 3, 1991, Count One Paragraph 6. Construing the facts in a manner most favorable to the plaintiff, we conclude that he has pled sufficient facts to sustain a cause of action. Accordingly, the defendants' motion to strike count one is denied.
II. Count Two — Reckless Service of Alcohol CT Page 8746
The defendants argue in support of the motion to strike that the plaintiff has failed to allege reckless sale of alcohol because the plaintiff's allegations are simply not outrageous.
A cause of action for the reckless service of alcohol exists at common law. Kowal v. Hofher, 181 Conn. 355,436 A.2d 1 (1980).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. (citations omitted)
Dubay v. Irish, 207 Conn. 518, 532 542 A.2d 711 (1988). "Willful, wanton or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id. p. 533. "The mere use of the words, `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985).
The plaintiff alleges the following facts in support of his reckless misconduct count:
 "On said date, at approximately 11:45 p. m., and for some time prior thereto, said unidentified patron proceeded to consume intoxicating liquors purchased from and/or sold by the Defendants. . . .
 Thereafter, on said date and until approximately 11:45 p. m., said unidentified patron was in a visibly intoxicated condition and was loud, boisterous, argumentative and/or prone to violent proclivities, yet the Defendants. . .with full knowledge of the likelihood of serious danger of violence or harm to other patrons in said cafe, continued to supply and/or sell intoxicating liquors to the unidentified patron and/or allowed him to remain in his intoxicated state at said cafe, in a reckless manner, with a complete disregard CT Page 8747 for the likely consequences of their reckless conduct and potential harm to other patrons at the cafe, including the Plaintiff.
 On said date at approximately 11.45 p. m., the Plaintiff, a patron, was suddenly, violently and without warning, assaulted and struck with a beer mug across his forehead by said unidentified patron, causing the injuries and damages set forth here in.
 Said Defendants are liable to the Plaintiff, Robert Castillo, as a result of their reckless misconduct in one or more of the following ways.
 a. IN THAT said Defendants, their agents, servants and/or employees continued to supply and/or sell intoxicating liquors to said unidentified patron who was already visibly intoxicated, loud, boisterous, argumentative and/or prone to violent proclivities.
The defendants argue that these facts as alleged are insufficient to support a cause of action based on recklessness. As authority for this proposition the defendants rely on Gorman v. Old Town Cafe, supra, and Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.). The plaintiff in Stebbins pled the following facts alleging willful and reckless misconduct by the defendant.
 1) they continued to serve alcoholic beverages to plaintiff when they knew or should have known she was likely to operate a motor vehicle; 2) they permitted the plaintiff to leave the premises in an intoxicated condition when they knew or should have known that she would be operating her automobile on a dangerous road, and 3) they permitted the plaintiff to leave the premises in disregard of public policy as expressed in General Statutes 14-227a.
Stebbins, supra, 421. In both instances the court granted motions to strike the reckless count because the plaintiff failed to sufficiently allege facts to support the cause of action, Gorman and Stebbins, supra.
Other courts, however, when presented with similar situations have denied the motion to strike a reckless count. CT Page 8748
In Kirchmeier v. Foshay, 4 CSCR 337 (March 17, 1989, Pickett, J.) the plaintiff pled the following facts in support of a reckless count:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent; 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated; 3. The defendants or their agents, allowed the plaintiff's decedent to walk out of the establishment even though he was so affected that he was disoriented and unable to walk properly and; 4. The defendant knew or should have known that the plaintiff's decedent would be walking on a public highway.
Kirchmeier, supra, 337. Judge Pickett found these facts sufficient to sustain a cause of action for reckless sale of alcohol to a patron. Id.
Based on Judge Pickett's decision in Kirchmeier, Judge McWeeny denied a motion to strike the following reckless count as alleged by the plaintiff:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, when they knew or should have known that said defendant would be driving a motor vehicle when he left the Pub Cafe and would be likely to cause injury to others.
Coble v. Maloney, 2 Conn. L. Rptr. 751 (November 16, 1990), McWeeny, J.). Judge McWeeny distinguished Stebbins from Kirchmeier and Coble because in Stebbins, the plaintiff did not allege that the defendants served alcohol to an obviously intoxicated individual. Coble, supra, 752.
The allegations in Count Two of the plaintiff's complaint are, in our view, sufficient to sustain a reckless service of alcohol claim. The plaintiff at bar has alleged not only the sale to an intoxicated individual, but as well alleges that CT Page 8749 the unidentified individual who was served was loud and boisterous and also argumentative and/or prone to violent proclivities.
We find that the plaintiff has pled sufficient facts to support a recklessness cause of action. Accordingly, the defendants' motion to strike Count Two is denied.
HENNESSEY, J.