[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #120
On January 8, 1991, the plaintiff, Alan Lynn, filed an amended complaint against the defendants, John Rapetske, Polar Cooler Manufacturing, Inc., and William Burns, Commissioner of Connecticut's Department of Transportation. The plaintiff allegedly incurred injuries in a motor vehicle accident in Derby, Connecticut, and contends that Mr. Rapetske operated the motor which crossed the plaintiff's lane, resulting in a collision. The plaintiff further alleges, inter alia, that the State of Connecticut, through Mr. Burns, placed barriers in such a manner as to prevent the plaintiff from turning so as to avoid said collision.
On October 23, 1991, Commissioner Burns sought permission to implead Peabody N.E., Inc. On November 4, 1991, this court granted the defendant's motion, and a third party complaint was subsequently filed in which defendant Burns alleges that Peabody was contractually obligated to indemnify the third party plaintiff. Thereafter, on January 6, 1992, Mr. Lynn filed a complaint against Peabody. On March 24, 1992, Peabody answered Mr. Lynn's complaint and filed therewith two (2) special defenses. On April 1, 1992 Mr. Lynn denied the allegations put forth, in the first special defense. It is the second special defense which is the subject of this motion to strike. That special defense alleges that the conduct of defendant Rapetske proximately caused the accident in question and any injuries sustained by the plaintiff as a result thereof.
On April 1, 1992, the plaintiff filed a motion to strike the second special defense and attached to its motion a supporting memorandum. Peabody has failed to file a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), Furthermore, the court is required to construe the facts in the complaint most favorable to the plaintiff when considering a motion to strike, Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book 155 states, "[i]f an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum law." Practice Book 155.
The plaintiff has failed to file a memorandum of law in opposition to the motion to strike, Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent to the motion to strike. CT Page 4752 See, e.g., Hughee v. Bemer 200 Conn. 400, 510 A.2d 992 (1986). "Practice Book . . . 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, n. 1, 578 A.2d 646 (1990); Castillo v. Brito, 5 CTLR 201, 202 (October 28, 1991, Hennessey, J.)
In its memorandum in support of the motion to strike, the plaintiff contends that the second special defense is legally insufficient because it is directed at the actions of defendant Rapetske rather than at the plaintiff.
Special defenses are filed pursuant to Practice Book 164. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465,472-73, ___ A.2d ___ (1992), citing Practice Book 164. In the present case, the defendant claims that another defendant was the proximate cause of an accident. Such a claim can be introduced under a general denial. See, e.g., Bernier v. National Fence Co., 176 Conn. 622, 410 A.2d 1007
(1979). Raising this claim as a special defense does not render said special defense legally insufficient. Rather, by affirmatively pleading a matter which could be raised under a denial, the defendant will be deemed to have assumed the burden of proof as to this issue. See. E. Stephenson, Connecticut Civil Procedure (2d ed.) 127(e). Consequently, the motion to strike is denied.
PICKETT, J.