[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE #111
On February 3, 1992, the plaintiff, Raymond Gardner, filed a revised complaint against the defendants, Mary Davis and Northeast Utilities. The plaintiff, in Count One, paragraph one, alleges that he resides in Bridgewater, Connecticut, and owns real property referred to as Hut Hill Road. In Count One, paragraph two, the plaintiff alleges that defendant Davis lives in Bridgewater, Connecticut, and also owns real property known as Hut Hill Road. In Count One, paragraph three, the plaintiff contends that defendant Northeast Utilities is a Connecticut corporation with offices in New Milford, Connecticut.
In Count Three, the plaintiff states that "[p]aragraphs 1-2 of the First Count are incorporated herein as Paragraphs 1-3 of this Third Count." Complaint, Count Three, Paragraphs 1-2. The plaintiff then alleges that "[t]he foregoing acts and conduct of Defendants were performed in the conduct of trade or business." Complaint, Paragraph 3. Additionally, the plaintiff alleges that "[t]he Defendant's aforesaid conduct constitutes unfair and deceptive acts in violation of the CT Page 5938 Connecticut Unfair Trade Practices Act (`CUTPA'). Conn. Gen. Stat. section 42-110a et seq." Complaint, Paragraph 4. In its prayer for relief the plaintiff, in paragraphs four and five, seeks punitive damages, attorneys' fees and interest pursuant to CUTPA.
On May 27, 1992, the defendants filed a motion to strike the third count of the complaint as well as paragraphs four and five of the prayer for relief. Attached to this motion was a supporting memorandum.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Additionally, a motion to strike is the proper manner by which to challenge the relief sought. Practice Book 152(2); Kavarco v. T.J.E., Inc., 2 Conn. App. 204, 208, 478 A.2d 257 (1984). The court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Practice Book 155 states, "[i]f an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum of law." Practice Book 155. Here, the plaintiff has failed to file a memorandum of law in opposition to the motion to strike. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent to the motion to strike. See, e.g., Hughes v. Bemer,200 Conn. 400, 510 A.2d 992 (1986). "Practice Book . . . 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1,578 A.2d 646 (1990); Castillo v. Brito, 5 CTLR 201, 202 (October 28, 1991, Hennessey, J.)
In their memorandum in support of their motion to strike the defendants contend that because the plaintiff has failed to allege facts to support its CUTPA claim, that claim is legally insufficient. Furthermore, the defendants contend that because paragraphs four and five of the prayer for relief are predicated upon a CUTPA claim, this prayer for relief is also legally insufficient.
In this case, the plaintiff, in count three of its complaint, claims that "the foregoing acts and conduct" alleged in that count were performed in the conduct of trade or business and constitute a violation of CUTPA. While the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike, Gordon, supra, there must be facts to construe, in the present matter, there are no facts alleged in this count to support a CUTPA claim. Consequently, the count is legally insufficient. Furthermore, because paragraphs four and five of the prayer for relief are predicated upon count three, they, too, are legally insufficient. Accordingly, the motion to CT Page 5939 strike is granted.
PICKETT, J.