[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the action sub judice, the plaintiff alleges that the defendant Board of Education entered into three separate contracts on July 31, 1991, whereby the plaintiff would provide accounting and consulting services. After the first contract was performed during the fiscal year of July 1, 1991 through June 30, 1992, the newly elected Board and Superintendent of Schools allegedly breached the remaining contracts.
The defendant filed its "Second Revised Answer and Amended Special Defenses" (#107) on March 12, 1993. The plaintiff filed a motion to strike the amended special defenses (#108) on April 19, 1993, which was granted by this court (Spear, J.) on June 21, 1993, on the ground that the defendant did not file an opposing memorandum.
On July 2, 1993, the defendant filed its "Second Revised Answer and Second Amended Special Defenses" (#112). The plaintiff filed a motion to strike the defendant's second amended special defenses (#113) on July 7, 1993. The defendant filed a memorandum in opposition on July 14, 1993.
The court may rule on this second motion to strike (#113), as Judge Spear's decision on motion to strike #108 did not reach the merits of the plaintiff's claim.
In support of its motion to strike, the plaintiff argues that the defendant's second amended special defenses are "redundant" to its earlier special defenses (#107) and directs the court to the reasons that were set forth in its earlier motion to strike (#108). In motion to strike #108, the CT Page 7622 plaintiff argues that the defendant's special defenses should be striken [stricken] "for the reason that they are legally insufficient to state a special defense to the complaint."
The motion to strike "shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency." Practice Book 154; Blancato v. Feldspar Corp., 203 Conn. 34, 36 n. 3, 522 A.2d 1235
(1985). The plaintiff's motion to strike does not comply with Practice Book 154; however, the defendant failed to raise an objection on this ground.
The defendant does, however, object on the ground that the plaintiff's motion violates the mandates of Practice Book 155 because the plaintiff's supporting memorandum fails to cite legal authority. A motion to strike "must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book 155; Hughes v. Bemer,200 Conn. 400, 402, 510 A.2d 992 (1986). The plaintiff fails to cite any legal authority in its supporting memorandum of law.
Thus, plaintiff's motion to strike is denied because the plaintiff's supporting memorandum of law does not comply with the mandates of Practice Book 155.
LEHENY, JUDGE