[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
CT Page 12083
In this case, plaintiff James Peter Waldron ("Waldron") seeks indemnification from defendant Citicorp Mortgage, Inc. ("CMI") for any judgment which may be rendered against him in a separate, pending lawsuit entitled The Travelers Insurance Company et al. v. JamesPeter Waldron. In the underlying lawsuit. Travelers seeks reimbursement from plaintiff Waldron for all monies it has paid to repair water damage to condominium units in the Strawbridge condominium complex in South Windsor, Connecticut which resulted from bursting and leaking of frozen pipes within Waldron's vacant, unheated unit on or about December 21, 1991. Waldron here claims that the party truly responsible for such damages is defendant CMI, because: (1) as the holder of Waldron's note for the purchase of the condominium unit here in question, it took over full possession and control of the unit on July 29, 1991, when Waldron abandoned the unit, gave CMI notice of his abandonment, and surrendered to CMI the unit's keys (2) "[o]nce [CMI] was on notice that [Waldron] had vacated the premises, [CMI] had a duty to [Waldron] under Paragraph 7 of the Mortgage Deed to `. . . do and pay for whatever is necessary to protect the value of the property and [its] rights in the property[ ]'" Revised Complaint ("Rev. Comp't."), ¶ 11; and (3) the water damage here at issue resulted directly from CMI's breach of the above-described duty, for even though CMI "knew or should have known that the premises had been vacant since June [sic] 29, 1991 and that the utility services (including the heat) had been cut off, . . . it took no steps to insure that the heat remained in operation, when it could and should have done so[,]" Rev. Comp't, ¶ 19(a), and thereby "failed to exercise reasonable care in protecting the value of the property and its interest in the property . . . ." Id., ¶ 19(c).
Defendant CMI now moves this Court to strike Waldron's Revised Complaint on the ground that it fails to state a claim upon which relief can be granted. It argues, more particularly, that the plaintiff's allegations of negligence are deficient because they fail to state facts upon which it can reasonably be claimed that at the time of the damage in question, CMI owed Waldron any duty to protect and preserve the subject promises from harm or CT Page 12084 damage.
 I
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any pleading to state a claim upon which relief can be granted. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). All well pleaded facts are deemed admitted. Amodio v.Cunningham, 182 Conn. 80, 83 (1980). A motion to strike should only be granted if the facts alleged in the challenged pleading, when read in the light most favorable to the party who drafted and submitted it, are insufficient as a matter of law to state any valid basis upon which the relief therein sought can be granted. See Hughes v. Bemer,200 Conn. 400, 407 (1986).
 II
In support of its claim that the plaintiff's Revised Complaint fails to state facts upon which it can reasonably be claimed that at the time of the damage here at issue, it owed the plaintiff a duty to protect and preserve his vacant condominium from harm or damage, defendant CMI argues as follows: (1) that the "only reference to the maintenance of the Mortgagee is contained in Paragraph 7 of the Mortgage Deed"; Defendant's Memorandum ("Def. Memo.") at 4; and (2) when read in its entirety, Paragraph 7 obviously "does not give rise to a duty to maintain [the subject] premises [,]" Def. Mem. at 4, because it expressly provides as follows:
 If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property, then Lender may do and pay for what ever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include . . . entering on the Property to make repairs. Although Lender may take action under this paragraph 7, LenderCT Page 12085 does not have to do so.
Mortgage Deed, ¶ 7 (as quoted, with emphasis added, in Def. Memo. at 4-5). Against this background, CMI argues that when the plaintiff defaulted on its loan, it had the right, but not the obligation, to "do and pay for whatever [wa]s necessary to protect the value of the Property and the Lender's right in the Property." Id. It therefore insists that in December of 1991, it had no duty whatsoever to keep the property's heating system in operation, and thus to keep its pipes from freezing and bursting.
In substance, the defendant's argument obviously has a great deal of merit. If, as the Court presumes, the defendant has accurately quoted Paragraph 7 of the Mortgage Deed, then the defendant is quite correct that that paragraph imposed no legal duty upon it to keep the plaintiff's condominium free from damage after the plaintiff defaulted on his loan and left it vacant.
It is equally obvious, however, that the defendant has chosen the wrong procedural vehicle for presenting its claim. Instead of challenging the plaintiff's Revised Complaint on its face — presuming, as it must on a motion to strike, that each of the plaintiff's essential allegations is true, then claiming that those allegations, so construed, are insufficient to sustain a valid cause of action — the defendant has here attempted to contradict the plaintiff's allegations, and has relied for that purpose on facts outside the challenged pleading itself. Because reliance on extrinsic facts is inconsistent with the only lawful purpose of a motion to strike — which, to reiterate, is to test the legal sufficiency of a challenged pleading on its face — the Court must decide the instant Motion without considering the defendant's claims of fact, including its description of the full text of Paragraph 7 of the Mortgage Deed.[1]
Read as the plaintiff has drafted it, paragraph 11 of the Revised Complaint alleges that:
 Once [CMI] was on notice that [Waldron] had vacated the premises, [CMI] had a duty to [Waldron] under Paragraph 7 of the Mortgage Deed to ". . . CT Page 12086 do and pay for whatever is necessary to protect the value of the property and [its] rights in the property."
These allegations, if proved at trial, would indeed establish that on December 21, 1991, the date plaintiff Waldron's pipes froze and burst, causing damage to his condominium complex, defendant "[CMI] had a duty to [Waldron] . . . to `. . . do and pay for whatever [wa]s necessary to protect the value of the property.'" Because such a duty can logically and reasonably be construed to include the duty to keep the heating system of the condominium in operation so that the water pipes therein would not freeze, burst and cause damage, the Revised Complaint must fairly be read to allege the existence and breach of such a duty by CMI. The Revised Complaint therefore alleges sufficient facts to survive the defendant's Motion to Strike even if certain of its allegations are clearly untrue.
It might, of course, have been argued that the plaintiff's allegation of duty, with its selective quotation from Paragraph 7 of the Mortgage Deed, was not an allegation of fact, which the Court must presume to be true, but merely the statement of a legal conclusion, which the Court can ignore. However, since the defendant has made no such argument, the Court cannot properly rely on it as an independent basis for granting its Motion to Strike.
In conclusion, the defendant's Motion to Strike the plaintiff's Revised Complaint must be denied because the sole ground upon which that Motion has been presented is not a proper legal basis for the striking of a challenged pleading. Accordingly, it is so ordered this 30th day of November, 1994.
Michael R. Sheldon Judge