[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Frank Fiaschetti, has filed a seven-count amended complaint against the defendant, Nash Engineering, Inc. The plaintiff alleges the following facts. In 1978, he injured his back and received worker's compensation benefits for his injury. The plaintiff experienced numerous reoccurrences of the back injury and underwent surgery in 1985. Upon his return to work on October 1, 1985, the plaintiff was demoted and his salary decreased. He was continuously employed until March 1987 until being diagnosed as totally disabled due to the back injury. On May 20, 1988, the plaintiff returned to his regular employment and was dismissed.
Count one alleges discharge from employment in violation of General Statutes § 31-290a. Count two alleges that the defendant, through its agents, servants or employees, made false representations to the plaintiff that caused his workers' compensation claim to cease. Count three alleges intentional emotional distress, count four breach of an implied contract between the defendant and its employees, count five a violation of a covenant of good faith and fair dealing, count six breach of written and oral representations and promises, and count seven alleges negligent representation.
On February 8, 1996, the defendant requested leave to amend its answer and special defenses and to add a counterclaim. Specifically the defendant proposed to allege the special defense of res judicata because the plaintiff had previously pleaded the same factual allegations in a federal complaint filed on February 21, 1989, wherein the plaintiff alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA), CT Page 782029 U.S.C. § 621 et. seq., in the first count and breach of implied contract in the second count. On February 16, 1990, the United States District Court, District of Connecticut, Daly, J., granted the defendant's motion for summary judgment.
On March 15, 1996, the plaintiff filed an objection to the defendant's request and a supporting memorandum of law. In his memorandum of law, the plaintiff argues, inter alia, that the doctrine of collateral estoppel does not apply because the federal case was an age discrimination action brought pursuant to the ADEA and the present litigation is a wrongful termination case which includes a count for retaliatory discharge for bringing a workers' compensation claim. Because the plaintiff objected more than fifteen days from the date of the filing of the request in violation of Practice Book § 176,[1] the plaintiff is deemed to have consented to the amendments.
On April 24, 1996, the defendant filed a request for leave to file a motion for summary judgment, a motion for summary judgment and a memorandum of law in support of its motion.[2] The defendant also submitted copies of the U.S. District Court judgment, the plaintiff's federal complaint, and the cover page of the defendant's motion for summary judgment filed in federal court. The plaintiff did not file a memorandum in opposition to the defendant's motion for summary judgment in the Federal Court.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496,502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.)Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).
In support of its motion for summary judgment, the defendant argues that the doctrine of res judicata acts as a bar to the CT Page 7821 present litigation because the same claim has been previously litigated in federal court. The defendant relies on Duhaime v.American Reserve Life Ins. Co., 200 Conn. 360, 365, 511 A.2d 333
(1986) for the proposition that the doctrine of res judicata bars "any claims relating to the cause of action which were actually made or might have been made."
The defendant also contends that the doctrine of res judicata applies even though the summary judgment was granted by the federal court due to the plaintiff's failure to file a responsive pleading to the motion for summary judgment. The defendant citesHughes v. Bemer, 200 Conn. 400, 510 A.2d 992 (1986) (Hughes I) in support of this proposition. In Hughes I, the court upheld a defendant's motion to strike because the plaintiff failed to file a memorandum in opposition to the motion to strike and the plaintiff was deemed to have consented to the granting of the motion." Id., 402.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . . [C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. . . . The judicial doctrine of res judicata express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . and promotes judicial economy by preventing relitigation of issues or claims previously resolved. . . . Furthermore, the appropriate inquiry . . . is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Emphasis in the original; internal quotations marks omitted.) Joe's Pizza,Inc. v. Aetna Life Casualty Co., 236 Conn. 863, 871-72,675 A.2d 441 (1996).
The doctrine of "res judicata should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation." (Internal quotation marks omitted.) Finkv. Golenbock, 238 Conn. 183, 192, — A.2d — (1996). CT Page 7822
The Connecticut Supreme Court has "adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. . . . In applying the transactional test, [the court] compare[s] the complaint in the second action with the pleadings and the judgment in an earlier action.Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582,590, 674 A.2d 1290 (1996).
In the present case, the federal action contains two counts. The first count alleges discrimination on the basis of age in violation of the ADEA and the second count alleges breach of an implied contract. The amended state court claim contains seven counts. Count one alleges discharge from employment in violation of General Statutes § 31-290a. Count two alleges that the defendant, through its agents, servants or employees, made false representations to the plaintiff that caused his workers' compensation claim to cease. Count three alleges intentional emotional distress. Count four alleges breach of an implied contract between the defendant and its employees. (This is the same allegation as that made in the federal claim). Count five alleges a violation of a covenant of good faith and fair dealing. Count six alleges breach of written and oral representations and promises. Count seven alleges negligent misrepresentation. Applying the test noted above, both the federal and state complaints pertain to the plaintiff's employment termination upon his return from disability leave. "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." Delahunty v. Massachusetts Life Ins.Co., supra, 236 Conn. 589. Having compared the pleadings, the present action involves the same claim as the prior federal action.
In ruling on the prior federal action, the United States District Court, Daly, J., stated, on February 13, 1990, that "[a]fter careful review and absent objection, the defendant's motion for summary judgment is granted." Defendant's Exhibit C, Motion For Summary Judgment, April 24, 1996. On August 13, 1990, the plaintiff requested that the court vacate and set aside the judgment, and grant leave to the plaintiff to file his opposition to the defendant's motion for summary judgment. The United States District Court, Daly, J., denied the motion "for the reasons stated in the defendant's opposition memorandum, and in the CT Page 7823 absence of any showing of excusable neglect." Defendant's Exhibits A, C, Reply Memorandum, June 17, 1996. In federal practice, "the summary judgment procedure is in the nature of a pretrial inquiry . . . brought by motion of either a claimant . . . or a defending party . . . for a favorable determination that a trial is unnecessary because there is no genuine issue as to any material fact, and that on the established facts the movant is entitled to judgment as a matter of law." I J. Moore, Federal Practice (1996) § 56.3(2). Moreover, "[s]ummary judgment constitutes a final judgment on the merits for purposes of applying res judicata." Dowd v. Society ofSt. Columbans, 861 F.2d 761, 764 (1st Cir. 1988). Under Connecticut law, "Practice Book 4002 provides that summary judgment on an entire complaint constitutes a final judgment."Connecticut Bank Trust Co., N.A. v. Reckert, 33 Conn. App. 702,711, 638 A.2d 44 (1994). The plaintiff had an adequate opportunity to litigate his federal claim. Accordingly, the doctrine of res judicata applies to this case.
The court grants the defendant's motion for summary judgment as to the plaintiff's complaint because the doctrine of res judicata bars litigation of it.
D'ANDREA, J.