[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS TO STRIKE NOS. 136 AND 138
On March 26, 1997, the plaintiff, Jacqueline G. Gilliam, filed a six-count second revised complaint against the defendants, Kenneth Thomas, M.D., Bridgeport Hospital, Jairo Castillo, M.D., and Bridgeport Anesthesiology Associates, P.C. The plaintiff alleges that she was admitted to Bridgeport Hospital to undergo a diagnostic laparoscopy, and that the procedure was performed negligently, causing the plaintiff to sustain a severe burn to her face. Count one alleges a cause of action of medical malpractice against Thomas, and count two alleges a cause of action under the res ipsa loquitur doctrine against the same. Count three alleges medical malpractice against Bridgeport Hospital, and count four alleges a cause of action under res ipsa loquitur against the same. Count five alleges a cause of action for medical malpractice against Castillo and Bridgeport Anesthesiology Associated, P.C., and count six alleges a cause of action under res ipsa loquitur against the same.
On May 14, 1997, and May 19, 1997, Thomas and Bridgeport Hospital (the defendants) filed motions to strike counts two and four of the second revised complaint. Bridgeport Hospital filed a supporting memorandum of law upon which Thomas purports to rely. CT Page 11403 The plaintiff filed an objection to the defendants' motions to strike on June 5, 1997, along with a memorandum of law. Bridgeport Hospital filed a response memorandum on July 22, 1997, and the plaintiff filed a response memorandum on August 26, 1997. The matter was heard at short calendar on September 2, 1997.[1]
The function of the motion to strike is to test the legal sufficiency of a pleading. Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
A. Procedural Objection To Defendant's Motion To Strike
The plaintiff argues that because Thomas has not submitted a memorandum, but rather a motion indicating his reliance on co-defendant Bridgeport Hospital's memorandum filed on a previous motion to strike, Thomas has not complied with Practice Book § 155, and the motion to strike should be denied.
The principal function of Practice Book § 155 is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists. Hughes v.Bemer, 200 Conn. 400, 402-03, 510 A.2d 922 (1986). The purpose behind 1 Practice Book § 155 will be served by deciding the defendants' motions on the merits, considering that Thomas and Bridgeport Hospital are defendants in the same suit defending against the same causes of action.
B. Use of Res Ipsa Loquitur In Medical Malpractice Cases
The defendants argue that the plaintiff is not entitled to rely on the doctrine of res ipsa loquitur, because the plaintiff has alleged a cause of action based on medical malpractice, and therefore must present evidence that the defendants were negligent. The defendants also argue that the plaintiff cannot rely on res ipsa loquitur against the three defendants, because the plaintiff must rely on expert testimony to show which of the three defendants was responsible for the plaintiff's care and treatment.
The plaintiff argues that the Restatement (Second) of Torts CT Page 11404 § 328 states unequivocally that res ipsa loquitur applies to medical malpractice actions where the finder of fact would not need expert testimony to determine that some act of negligence has occurred. The plaintiff also argues that as pleaded, the cause of action in counts two and four are sufficient, since the plaintiff has alleged that the burns she suffered normally do not occur during a diagnostic laparoscopy procedure, unless one or more of the defendants was negligent. The plaintiff argues that res ipsa loquitur may be applied to more than one defendant.
The doctrine of res ipsa loquitur allows the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced. Giles v.New Haven, 228 Conn. 441, 446, 636 A.2d 1335 (1994). The necessary elements to be pleaded so that a case may be submitted to a jury on the theory of res ipsa loquitur are: (1) the situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. Whether the doctrine applies in a given case is a question of law for the court. Accordingly, the relevant question is what is the occurrence from which negligence can be inferred? Gomez v.Solinsky, Superior Court, judicial district of New London at Norwich, Docket No. 103634 (March 11, 1997) (Hurley, J.). As inGomez, the plaintiff here has alleged that the injury to the plaintiff would not have occurred in the absence of negligence. Nevertheless, negligence may not be inferred from the mere fact of injury. The circumstances accompanying the injury permit the inference of negligence. Gomez v. Solinsky, supra, Superior Court, Docket No. 103634.
Here, the plaintiff alleges that she suffered a severe burn to the face during an invasive abdominal procedure. The question becomes whether this event gives rise to the reasonable probability that in the ordinary course of events the incident ;would not have occurred without negligence. Where it cannot be inferred that the injury normally does not occur without negligence, expert testimony on that issue is necessary before res ipsa loquitur can be applied. Expert testimony to the effect that those in a specialized field of knowledge consider a certain occurrence as indicative of the probable existence of negligence CT Page 11405 is at least as probative of the existence of such a probability as the "common knowledge" of lay persons. Nonetheless, the circumstances attendant upon the accident must be of such a character as to justify a jury in inferring negligence as the cause of the accident.
The court concludes that the circumstances alleged are of such a character as to justify an inference of negligence. The plaintiff has alleged that she entered the care of the defendants for the purpose of a diagnostic laparoscopy procedure, and that during such a procedure, a burn to the patient's face would not normally occur except through the negligence of the defendants. Although neither party explains what this procedure entails,[2]
Thomas describes himself as a gynecological surgeon, and the plaintiff describes the procedure in her supporting memorandum as "an invasive abdominal diagnostic procedure." Based upon the area of the plaintiff's body that was the subject of the procedure and the nature of the injuries suffered, there is sufficient circumstantial evidence alleged to permit a jury to infer negligence under the doctrine of res ipsa loquitur, either on the basis of its fund of common knowledge or on the basis of expert testimony.
Furthermore, the defendants' argument that the plaintiff may not allege the negligence of more than one party by way of res ipsa loquitur is without merit. Exclusive control is merely one way of proving a defendant's responsibility. He may be responsible, and the inference may be drawn against him, where he shares the control with another. Giles v. New Haven, supra,228 Conn. 450.
C. Res Ipsa Loquitur Allowed When Negligence Pleaded
Relying on several superior court decisions, the defendants argue that since the plaintiff has pleaded causes of action based on medical malpractice, separate counts based on res ipsa loquitur are not permitted. The plaintiff argues that separate counts sounding in medical malpractice and res ipsa loquitur are allowed, as long as the facts alleged under res ipsa loquitur meet the requirements of the doctrine, and do not repeat the specific negligent acts set forth in the negligence counts.
The doctrine of res ipsa loquitur is applicable in a medical malpractice case, although cases have held that there is no independent cause of action for res ipsa loquitur. Godwin v.
CT Page 11406Danbury Eye Physicians Surgeons, Superior Court Judicial District of Danbury, Docket No. 317815, 16 CONN. L. RPTR. 541 (April 15, 1996) (Moraghan, J.). In Godwin supra, the plaintiff alleged a cause of action for negligence based on medical malpractice in a separate count. The court ruled that the plaintiff could not then allege the same misconduct and characterize it as a separate claim under the doctrine of res ipsa loquitur, and therefore struck the res ipsa loquitur count as legally insufficient. The doctrine of res ipsa loquitur is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause of action. While a case may be a proper one to apply the doctrine of res ipsa loquitur, it is not proper to plead it as a separate cause of action. The plaintiff, having already alleged a cause of action for negligence cannot allege the same action again in a subsequent count merely by claiming it is a separate action based on the doctrine of res ipsa loquitur. Estate of Just v. Aparo,
Superior Court, judicial district of Middletown, Docket No. 065339 (April 23, 1993) (Higgins, J.) (8 C.S.C.R. 542, 543).
The case law does suggest that the doctrine of res ipsa loquitur is properly plead as a separate cause of action where the plaintiff intends to rely upon the general cause of the injury without alleging specific acts of negligence. Scace v.Hartford Hospital, Superior Court, judicial district of New London at New London, Docket No. 532378 (December 15, 1995) (Hurley, J.). Here, counts one and three of the complaint contain references to specific acts of negligence, while counts two and four are based on res ipsa loquitur. It is apparent that the plaintiff, in pleading an alternative theory of recovery relying on the doctrine of res ipsa loquitur, was extremely careful to exclude any specific acts of negligence referenced in other counts. Id. Consequently, the plaintiff has not reasserted a cause of action in negligence, but has alternatively pleaded a cause of action based on res ipsa loquitur without any reference to specific negligent acts. See Seace v. Hartford Hospital,supra.
Accordingly, the defendants' motions to strike counts two and four of the second revised complaint are hereby denied.
MELVLLE, JUDGE