[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants filed a motion to strike the single count amended complaint filed by the plaintiffs. As grounds for the motion, the defendants contend that a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA") can not be based on allegations of misconduct arising from a single insurance transaction. Defendants also claim that the CUTPA count fails to satisfy the "cigarette rule". Plaintiffs filed an objection, maintaining that the allegations in their complaint are sufficient.
This action arises out of the defendants' refusal/failure to pay an insurance claim filed by the plaintiffs after their property was damaged by trespassing vandals. Plaintiffs contend that they were covered by an insurance policy issued by the defendant which contained a provision for loss due to vandalism. The defendants denied coverage of the plaintiffs' claim, and the plaintiffs filed the instant action.
The issue in dispute for this court to resolve is whether allegations of misconduct arising from a single insurance transaction are sufficient to support a claim of violation under CUTPA, when the underlying violation arises under section 38a-816(16) of the Connecticut General Statutes. For reasons more fully set forth below, this court finds plaintiff's allegations are sufficient to sustain a cause of action under CUTPA. CT Page 1608
Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gulack v. Gulack,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "The principle function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer,200 Conn. 400, 402 (1986).
Single Act Sufficient to Allege Violation ofSection 38a-816(15)
It is the law in Connecticut that in order to prove a CUTPA violation, arising under section 38-816(6) of CUIPA, the plaintiff must prove more than mere isolated instances of insurer misconduct. See, e.g., Mead v. Burns, 199 Conn. 651 (1986). The appellate court has expanded this construction to include multiple acts of misconduct involving a single transaction. See,Quimby v. Kimberly Clark Corp. , 28 Conn. App. 660, 671 (1992).
This court (Sullivan, J.) has noted that:
 "In most instances involving insurance claims it is required that the plaintiff allege, and prove, that unfair settlement practices were committed or performed with such frequency as to indicate a general business practice. See General Statutes section 38a-816(6) Unfair claim settlement practices. See, also, Lees v. Middlesex Ins. Co., 229 Conn. 842, 847, 848
(1994)."
(Internal quotation marks omitted). Pierce v. Aetna Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 97 63296 (March 24, 1998) (Sullivan, J.).
However, in this case the plaintiffs have made a claim for violation under section 3-816(15). While a violation of Connecticut General Statutes section 38a-816(6) requires an allegation of general business practice, sections 38a-816(15) and CT Page 160938a-816(16) do not require such an allegation. A single act can constitute a violation of CUTPA where the underlying claim is a breach of contract. See, e.g., Pierce v. Aetna Ins. Co., supra;Witham v. ITT Hartford, Superior Court, judicial district of Waterbury, Docket No. CV96-0132891 (Jun. 4, 1997) (Leheny, J.) (1997 Ct. Sup. 6377, 6378); and Webster v. Fidelity GuarantyCo., Superior Court, judicial district of Tolland at Rockville, Docket No. 920051784S (May 21, 1993) (Shaugnessy, J.) (9 CONN. L. RPTR. 147, 1993 WL 182194).
In their amended complaint, the plaintiffs specifically alleged that:
 16. Said actions herein by the Defendants in denying Plaintiffs' claim constituted unfair and/or deceptive trade practices, in violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and Chapter 704 of the Connecticut General Statutes entitled "Unfair and Prohibited Insurance Practices", in one or more of the following ways:
 j. The Defendants failed to pay this property casualty claim within forty five (45) days of receipt by the insurer of the claimant's proof of loss form as required by Connecticut General Statutes section 38-816(15).
This allegation, under subsection 15 of Connecticut General Statute section 38a-816 is sufficient. Under this subsection, one act is enough to constitute a violation of the statute. Viewing the allegations in the complaint in the light most favorable to the plaintiff, this court finds there to be sufficient facts to support a claim for a violation of CUTPA.
Complaint Satisfies "Cigarette Rule"
Finally, the defendants argue that even if the pleadings state valid violations of CUIPA and CUTPA, this court should strike the complaint because it does not satisfy the Cigarette Rule. The so-called "cigarette rule" is a criterion adopted by Connecticut courts to test the validity of CUTPA claims. The rule requires that a determination be made as to: 1.) whether the practice, without necessarily having been considered unlawful, CT Page 1610 offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; 2.) whether it is immoral, unethical, oppressive, or unscrupulous; 3.) whether it causes substantial injuries to consumers." (Citations omitted) CheshireMortgage Serv., Inc. v. Montes, 23 Conn. 80 (1992). A violation of CUTPA may be established by showing either an actual deceptive practice or a violation of public policy. Id. It is not necessary that all three criteria be satisfied to support a finding of unfairness. Id.
This court finds that the allegations in plaintiffs' complaint sufficiently meet the requirements of the cigarette rule. Therefore, the defendants' motion to strike is denied.
For the foregoing reasons, the defendants motion to strike the plaintiffs complaint is denied.
___________________________ Angela Carol Robinson Superior Court Judge